## UNITED STATES v. LONG.
### Civ. No. 146.

United States District Court
D. Nebraska, McCook Division.
July 24, 1950.

---

James L. Brown, Assistant United States Attorney, Lincoln, Neb., for plaintiff.

C. M. Bosley, of Palisade, Neb., for defendant.

DELEHANT, District Judge.

The plaintiff has moved to strike from the files, for its asserted disregard of Rule 8(b), Federal Rules of Civil Procedure, 28 U.S.C.A., the answer of the defendant, which is a general denial made in a single sentence.

The material portion of Rule 8(b) follows: "A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies.

* * * When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, he may make his denials as specific denials of designated averments or paragraphs, or he may generally deny all the averments except such designated averments or paragraphs as he expressly admits; *but, when he does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, he may do so by general denial subject to the obligations set forth in Rule 11.*" (Emphasis added).

Among other things, Rule 11 provides that: "The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action."

The court has required the submission on briefs of the plaintiff's motion. In the defendant's brief on the motion (which he filed, as well as served) his attorney has made the following statement: "It is the intention of the defendant to put into issue every allegation of plaintiff's complaint upon the trial of this cause, and to do so, the defendant has believed it sufficient to answer by general denial."

Thereby, defendant's counsel has added his positive and explicit averment of the intention of the defendant, in good faith to controvert every averment of the complaint to the implicit certificate to like effect which Rule 11 declares to be a consequence of his signature to the answer served and filed by the defendant.

It can not be said that Rule 8(b) forbids, in all circumstances, the employment of a general denial in the making of

an answer. Quite the contrary, the rule expressly permits such a denial, but it also prescribes the sole condition under which it may be tendered. That condition is present when, but only when, the pleader intends in good faith to controvert "all the averments of the preceding pleading". In this court a defendant has no right categorically to deny an allegation which he knows or believes to be true, solely to the end that he may compel his adversary to bear the burden and cost of its proof. One objective of the quoted portions of the rules is the elimination of that discreditable anachronism in pleading. If the defendant in this instance has overlooked or disregarded that fact, his counsel may be well advised on his own motion and immediately to seek leave to tender an amended answer. But the court will not assume such inadvertence or disregard to have occurred.

■ The plaintiff's complaint is in two paragraphs, of which the first deals with jurisdiction and the second alleges the granting to the defendant by the Governor of the Farm Credit Administration of a loan in the sum of $1,350.00 evidenced by his five promissory notes all payable on or before November 1, 1935, the repayment on the loan of the sum of $1,200.00, and the nonpayment of the remainder, together with a substantial sum of interest, for which unpaid principal and interest judgment is prayed. When one examines that complaint he encounters difficulty in supposing that a general denial in good faith of its averments under the admonitions of Rule 8(b) and Rule 11 and the latter's sanctions, is reasonably possible unless the defendant actually intends to deny that he had any relation whatsoever to the plaintiff's designated agency in the matter declared upon. The improbability of such a supposition is at once apparent.

However, upon his honor as a member of the bar of this court and in the face of the quoted language of Rule 11, counsel for the defendant, by signing, serving and filing the answer—and now by the express statement of his brief—assures this court that his client intends to controvert "every allegation of the plaintiff's complaint", to borrow his own language. The court is compelled to accept those assurances as being tendered in good faith. And in that situation the motion must be and is being denied and overruled. The integrity of the answer will be made to appear, or be repelled, by the events of the trial.

■ It may not inappropriately be suggested that, with the information which is probably in his possession, counsel for the plaintiff may make profitable use in this action of the discovery procedure available under the rules, especially, though not exclusively, of Requests for Admission of Facts and of Genuineness of Documents, under Rule 36.