**UNITED STATES v. SHUSTER.**
Civ. No. 137.

United States District Court
D. Nebraska
Chadron Division.
Nov. 20, 1950.

5. See Henz v. U. S., D.C., 9 F.R.D. 291.

152

Joseph T. Votava, U. S. Atty. of Omaha, Neb. and Mr. James L. Brown, Asst. U. S. Atty., of Lincoln, Neb., for the plaintiff.

Edmund W. Hollstein, of Rushville, Neb., for the defendant.

DELEHANT, District Judge.

In an action in which the plaintiff demands judgment for premiums under a wheat insurance contract, issued to the defendant under Title 7, U.S.C.A. § 1501 et seq., the defendant, by way of his responsive pleading, has served and filed an answer and counterclaim. The answer is a general denial. The counterclaim, without any particularization, alleges simply that, if any contract existed as alleged in the complaint, the defendant sustained loss under it in amount or amounts exceeding the demanded premiums. However, that pleading asks for no affirmative relief.

To the defendant's pleading the plaintiff tenders two distinct motions. It moves to strike the answer on the ground that it is not authorized by the Federal Rules of Civil Procedure, 28 U.S.C.A. The motion is not well taken and is being denied and overruled. The ground of that action has recently been stated in detail in United States v. Long, D.C.Neb., 10 F.R.D. 443, and will not now be repeated. However, on this occasion, as on that earlier one, the court pointedly intimates to counsel for the answering defendant that he may appropriately reexamine the plight in which the filing of a general denial in a case of this character places him professionally as a member of the bar of this court, in the light of the rules of practice by which the court, and he as a member of its bar, are governed. So doing, he may very well desire to present an amended answer more clearly in keeping with the rules and the highly probable facts underlying the litigation. In other words, the court technically sustains his pleading, but at the same time seriously questions both its propriety in the light of the likely facts underlying the litigation and the position of the attorney submitting it.

The motion directed to the so-called counterclaim is "For Bill of Particulars". In its current form, Rule 12(e) no longer provides for a motion for a bill of particulars. But, even appraised as a motion "For More Definite Statement", the plaintiff's pleading is not well taken, and is being denied and overruled.

Assuming, without deciding, that within the thought of Rule 12(e), "a responsive pleading is permitted" as against the counterclaim, the court does not consider that the counterclaim is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading". And unless such vagueness or ambiguity is discerned, the ground for the allowance of a motion for more definite statement is not present.

Beyond question, the plaintiff will be entitled, before going to trial, to the particulars which he seeks respecting the counterclaim and probably much more information concerning the defendant's contention. But this is not the occasion, and the motion it presents is not the method for the procurement of such material. It is a problem of discovery to be solved through the use of the procedure embraced within Rules 26 to 36, both inclusive, and, in a case of this nature, especially Rules 33, 34 and 36.