WIGGINTON, Judge.
This interlocutory appeal questions the propriety of an order entered by the chancellor holding that appellee may assert his privilege against self-incrimination as guaranteed by Section 12 of the Declaration of Rights of the Florida Constitution, F.S.A.
Appellee husband filed a complaint seeking divorce from appellant wife on the grounds of cruelty. The wife answered and asserted as an affirmative defense that plaintiff was guilty of adultery. After plaintiff’s direct examination in support of the allegations of his complaint, defendant’s counsel sought to cross examine plaintiff regarding the act of adultery alleged in her answer as a defense to the complaint. To specific questions concerning the alleged adultery plaintiff refused to answer on the ground of self-incrimination.
We are of the view that on the basis of the record before us appellee has not waived his right to assert the mentioned constitutional privilege and the chancellor was correct in so holding.[1]
Appellant concedes that absent waiver, appellee may lawfully assert the privilege of refusing to answer the questioned interrogatories propounded him on cross-examination upon the ground of self-incrimination. She urges, however, that having asserted such privilege the chancellor should strike appellee’s testimony, dismiss his complaint, or deny him the equitable relief prayed for in his complaint. No application having yet been made to the chancellor for an order imposing any of the penalties here advocated, the questions raised by appellant are patently premature. Since no ruling has yet been made by the chancellor on such contentions, we refrain from making any comment with respect to the merits thereof.
Affirmed.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

. In re Senior, 37 Fla. 1, 19 So. 652, 32 L.R.A. 133.