143 So.2d 64 (1962)
MARK LEACH HEALTH FURNITURE CO., a Michigan Corporation, Appellant,
v.
Philip A. THAL, Appellee.
No. 2731.
District Court of Appeal of Florida. Second District.
June 20, 1962.
Rehearing Denied July 13, 1962.
*65 Frank & Weston, Miami Beach, for appellant.
Arthur J. Franza, Hollywood, for appellee.
SMITH, Judge.
Plaintiff (appellant), Mark Leach Health Furniture Co., a Michigan corporation, filed its complaint against the defendant (appellee), Philip A. Thal, seeking recovery on a conditional sales note.
The defendant answered by way of a general denial of each and every allegation of the complaint. The plaintiff then requested admissions, and the defendant answered the request for admissions by admitting all of the material allegations of the complaint, but stated facts which would establish an affirmative defense of failure of consideration. Plaintiff then moved for summary judgment. In opposition to the motion for summary judgment, the defendant submitted an affidavit which attempted to further substantiate the affirmative defense endeavored to be raised in his answers to request for admissions. At a hearing, the lower court denied the plaintiff's motion for summary judgment.
After several continuances, the cause came on for trial and, upon failure of the plaintiff to appear, the lower court entered final judgment dismissing the complaint upon motion of the defendant, with prejudice. From the final judgment, the plaintiff filed a timely appeal.
The main question before this court is whether or not the lower court erred in denying plaintiff's motion for summary judgment. We are of the opinion that the lower court did commit error in this respect.
An almost identical situation was before the Third District Court of Appeal in Fink v. Powsner, Fla.App. 1958, 108 So.2d 324; Cert. Denied, Fla., 114 So.2d 6. The court held in that case as follows:
"The issues in this cause were raised by the appellee's complaint and appellants' answer. The general denial in appellants' answer put in issue every fact upon which the appellee sought to recover. The fallacy of this answer was demonstrated by the subsequent sworn admissions which virtually admitted all of the material allegations of the complaint. General denials are not favored under our present rules of pleading and should only be used when the defendants, in good faith, intend to controvert each and every averment in the complaint, including the basis of the court's jurisdiction. See Rule 1.8 (c), Florida Rules of Civil Procedure [30 F.S.A.]. This procedure was criticized in United States v. Long, D.C., 10 F.R.D. 443, 444, in passing on a similar federal rule, wherein the court stated:
"`It cannot be said that Rule 8(b) [28 U.S.C.A.] forbids, in all circumstances, the employment of a general denial in the making of an answer. *66 Quite the contrary, the rule expressly permits such a denial, but it also prescribes the sole condition under which it may be tendered. That condition is present when, but only when, the pleader intends in good faith to controvert "all the averments of the preceding pleading". In this court a defendant has no right categorically to deny an allegation which he knows or believes to be true, solely to the end that he may compel his adversary to bear the burden and cost of its proof.'
"The appellant's sworn admissions, coupled with the work sheet attached to appellee's motion for summary judgment, resolved all issues of fact under the pleadings in favor of the appellee. The affidavit of the appellant Fink alleged a discharge of the contract sued upon through the creation of a new oral contract inconsistent with the terms of the original contract. This, in effect, raised an affirmative defense in opposition to a motion for summary judgment when, under the Florida rules, such a defense must be pleaded in the answer. Rule 1.8(d), Florida Rules of Civil Procedure. Affirmative defenses not raised by answer are deemed to be waived. Cf. Dicks v. Colonial Finance Corporation, Fla. 1956, 85 So.2d 874; Carroll v. Paramount Pictures, D.C., 3 F.R.D. 47.
"Upon the hearing of the motion for summary judgment, the trial judge was presented with a situation wherein all the allegations of the complaint were established without denial. Since no request was made to amend the answer, the court properly rejected the appellants' attempt to inject an affirmative defense on motion for summary judgment as it was beyond the scope of the issues raised by the pleadings." (Their emphasis)
The efforts of the defendant to raise the affirmative defense of failure of consideration to prevent the entry of the summary judgment was ineffective. This affirmative defense was not pleaded in the answer and there was no request to amend.
Reversed with directions to enter summary judgment in favor of the plaintiff, unless the defendant shall prevail in a motion to amend his answer to plead his affirmative defense.
ALLEN, Acting C.J., and WHITE, J., concur.