SHANNON, Judge.
The plaintiff-appellee filed her complaint for divorce against the defendant-appellant on the grounds of cruelty. The defendant filed his answer, denying plaintiff’s allegations and asserting an affirmative defense. The defendant’s attorney, pursuant to Rule 1.30, Florida Rules of Civil Procedure, 30 F.S.A., served upon plaintiff’s attorney certain requests for admissions, which went to and were concerned with defendant’s affirmative defense. To these requests for admissions the plaintiff interposed several objections which were noticed for hearing. Upon commencement of the hearing plaintiff’s counsel tendered to the defendant’s counsel plaintiff’s answers to the requests for admissions which were not objected to, and announced in open court that all objections thereto were waived. As to the objectionable requests, plaintiff maintained that they constituted inquiry into privileged matter, and she declined to answer these certain enumerated requests for admissions upon the grounds of the privilege afforded her by Sec. 12 of the Declaration of Rights of the Constitution of Florida, F.S.A. in that her answers thereto might tend to incriminate her. The chancellor ruled that the plaintiff, having asserted the privilege afforded her by the Florida Constitution, was not required to answer the requests. Thereafter, the defendant moved the court to strike all of the pleadings of the plaintiff, dismiss her complaint, and deny her the relief prayed for. The court denied the defendant’s petition, and it is from this order that this appeal is taken.
In his argument and brief the appellant takes the position that the appellee rests her case on the strength of the opinion in Blais v. Blais, Fla.App.1959, 112 So.2d 860, where the requested relief was denied. In that case the same question was presented that we have here, except that in Blais no motion *482 was filed requesting the court to strike plaintiff’s testimony, dismiss his complaint, or deny him the equitable relief prayed for in his complaint. The appellate court stated that since no such relief had been requested, the question was premature. The appellant herein argues that since in the instant case the enumerated relief has been requested, the Blais case is grounds for inferring that such should be granted. We agree with this argument as applied to the limited circumstanced herein, due to the language of Rule 1.30(b), Fla.R.C.P. Section (b) of that Rule provides that “[a]ny admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding.” It would indeed be an anomaly if a plaintiff could bring a divorce action and then refuse to answer requests for admissions, based upon an affirmative defense, on the grounds that her answers might tend to im criminate her. There must be certain sanctions against such conduct or the defendant will be placed at an extremely unfair advantage. In Annest v. Annest, 1956, 49 Wash.2d 62, 298 P.2d 483, the Supreme Court of Washington was confronted with a similar problem, which it answered as follows :
“A witness who declines to answer a proper question upon the ground that it would tend to incriminate him, has not told the whole truth, which his oath as a witness requires. He will not be permitted to testify to part of the truth only. When a party claims the privilege of not answering a proper question, the court may dismiss his action or strike his testimony. This action was not brought or maintained by respondent, and the most the court could have done, therefore, was to have stricken the testimony.
* * * * * *
“We agree that the trial court should have stricken the testimony in question, * •* *.” ■
We feel that the appellee should be made to answer these requests for admissions within a reasonable time to be set by the chancellor, and failing that, her action for divorce should be dismissed.
Reversed and remanded.
SMITH, C. J., and ALLEN, J., concur.