CARROLL, DONALD IC., Judge.
The plaintiff in a suit filed in equity has appealed from orders entered by the Circuit Court for Okaloosa County, denying his motion to transfer a cause of action to the law side of the court, and disposing of other motions filed by the parties.
The plaintiff’s complaint as amended was filed on the equity side of the said Circuit Court against the defendant as the executrix of the estate of Claude G. Meigs, deceased. The complaint was divided into two counts. In the first count the plaintiff alleges that on September 28, 1946, he advanced $3,000 in cash to the said deceased to complete the purchase price of certain described property, and prays that the court declare a “constructive trust” on the said property in his, the plaintiff’s, favor.
In the second count of his complaint the plaintiff alleges that on November 9, 1946, the said deceased executed a promissory note in favor of the plaintiff in the sum of $5,000 with interest at the rate of eight per cent per annum from maturity, which date was 60 days after the said date of the execution of the said note to evidence an indebtedness in that amount owed to the plaintiff by the deceased; that, notwithstanding demands on the deceased and the defendant-executrix, no payment of money thereon had been tendered to or received by the plaintiff; and that the plaintiff timely filed a claim on the said note in the said estate, but the defendant had filed an objection to his claim, which objection “had the effect of maturing the claim for suit in the proper Court.”
The defendant filed a motion to dismiss this second count on the ground that it shows on its face that the plaintiff’s cause of action is at law upon a promissory note and not an equitable action, and the Court held that this action on the promissory note “is clearly an action at law and unrelated to the obligations sued upon in Count I, and is not a proper equitable action.”
Subsequently the plaintiff filed in the cause a motion to vacate the above order insofar as it pertained to the second count and to allow him to amend that count, and, in the alternative, to transfer the second count to the law side of the court. By the second order appealed from herein, the court denied the plaintiff’s said motion to vacate or transfer.
That part of the plaintiff’s said motion petitioning for the transfer of the cause of action stated in the second count to the law side of the court, invoked the provisions of paragraph (a) of Rule 1.39 of the Florida Rules of Civil Procedure, 30 F.S.A., which paragraph reads as follows:
“(a) Transfers of Actions. If at any time it appears that an action has been commenced either in equity or at law when it should have been brought on the opposite side of the court it shall be forthwith transferred to the proper side and proceeded with without interruption. In such case the court, without notice, may enter an order noting that the case was brought on the wrong side of the court and further ordering the clerk to docket the case on the proper side. The case shall proceed thereafter as though it were originally instituted on *351 the proper side of the court and no further amendments shall be necessary to change phraseology in the pleadings so far as this error is concerned. The case shall proceed as though originally instituted on the proper side oí the court.”
 There can be no question but that the first count of the plaintiff’s complaint states a claim for equitable relief — the declaration and imposition of a trust upon certain real property — -a claim exclusively cognizable in a court of equity; and that the second count alleges a cause of action at law — an action upon a promissory note.
As the Circuit Court recognized in the orders appealed from herein, the cause of action stated in the second count of the plaintiff’s amended complaint should have been brought on the law side of the court. Such recognition, even without the filing of a motion to transfer and without notice, should have triggered the entry of an order, pursuant to the above-quoted rule, noting that the said count was brought on the wrong side of the court and ordering the clerk to docket said cause on the law side of the court. The court’s refusal to enter such an order, and its denial of the plaintiff’s motion to transfer constituted, we think, prejudicial, reversible error.
In view of our holding that the court committed reversible error in denying the plaintiff’s said motion to transfer by the orders appealed from, there is no need for us to pass upon the other points raised in this appeal.
Accordingly, the orders appealed from are reversed, and the cause is remanded with directions to reinstate the second count of the plaintiff’s complaint and transfer the cause stated therein to the law side of the court pursuant to the above-quoted provisions of Rule 1.39.
Reversed and remanded with directions.
RAWLS, C. J. and WIGGINTON, J., concur.