191 So.2d 286 (1966)
Helen Graham MEIGS, As Executrix of the Estate of Claude G. Meigs, Appellant,
v.
C.F. LEAR, Appellee.
No. I-61.
District Court of Appeal of Florida. First District.
October 27, 1966.
*287 Virginia Searcy Barr, Fort Walton Beach, and Gillis E. Powell, Crestview, for appellant.
Campbell & Rice, Crestview, for appellee.
CARROLL, DONALD K., Judge.
The defendant in a suit to declare a constructive trust upon certain land has taken this interlocutory appeal from an order entered by the Circuit Court for Okaloosa County, denying her motion for a summary final decree.
The basic question presented for determination in this interlocutory appeal is whether the said court properly denied the said motion under the applicable law and the circumstances shown by the record on appeal.
The plaintiff-appellee, C.F. Lear, filed a complaint in equity against the executrix of the Estate of Claude G. Meigs, deceased. In the first count of his complaint Lear alleges that he advanced $3,000 to the deceased toward the purchase of certain real property and seeks to impress a constructive trust on the land and to secure an accounting or, in the alternative, to collect the said sum as a debt, plus interest at six per cent. In his second count Lear directly sued upon the promissory note evidencing the $3,000 advance, which count was dismissed by the chancellor in an order which Lear appealed to this court. In that appeal we reversed the said order and instructed the chancellor to reinstate the second count and transfer it to the law side of the court. See Lear v. Meigs, 188 So.2d 349 (1966). This second count, however, is not directly involved in the present interlocutory appeal.
Without having filed an answer to the first count of Lear's complaint, the defendant-executrix *288 filed a motion for a summary final decree in her favor as to the first count. The grounds stated in this motion are substantially as follows: first, that the plaintiff is estopped as a matter of law to claim an equitable lien on the land and a joint venture and/or partnership relationship with the decedent, because Lear previously filed his sworn claim in the probate court, alleging the obligation to be a debt only and cannot now seek to impeach his sworn statement by alleging a contrary position; and, secondly, that, if the claim of Lear is in fact a debt as claimed in his sworn claim, the same is barred by the statute of limitations as alleged in the defendant's objections to the said claim filed in the probate court. A copy of the plaintiff's said claim and a copy of the defendant's objections thereto are attached as parts of the defendant's motion for summary decree. The facts stated in the said motions, claim, and objections are sworn to by the defendant's attorney in an affidavit attached to the defendant's said motion.
At the time the defendant filed her motion for a summary final decree and at the time the plaintiff instituted this interlocutory appeal, the defendant had not filed her answer to the plaintiff's complaint containing her defenses to the plaintiff's claim for relief. Rules 1.8 and 1.11 of the Florida Rules of Civil Procedure, 30 F.S.A. provide that, with certain exceptions not applicable here, as enumerated in subdivision (b) of Rule 1.11, all defenses to the other party's claim shall be stated in the pleader's answer. There is no provision of the rules permitting defenses to be raised in a motion for a summary decree or judgment. The rules specifically provide that the two defenses which the defendant here tries to invoke in the present appeal  estoppel and the statute of limitations  constitute affirmative defenses that must be raised in an answer. Subdivision (d) of Rule 1.8 provides in pertinent part: "Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively * * * estoppel * * * statute of limitations * * and any other matter constituting an avoidance or affirmative defense."
The last-quoted rule has been applied in many cases. As an example, the Supreme Court of Florida held in Dicks v. Colonial Finance Corporation, 85 So.2d 874 (1956): "Estoppel is an affirmative defense which must be specially pleaded or is waived if not pleaded." Similarly, the District Court of Appeal, Second District of Florida, in Cook v. Central and Southern Florida Flood Control District, 114 So.2d 691 (1959), pointed out that "* * * a statute of limitations and laches are affirmative defenses which should be raised through an answer and not by motion to dismiss."
Resolving the question before us in this appeal requires a consideration of the nature and purpose of the summary judgment procedure authorized under Rule 1.36, F.R.C.P. In the words of the District Court of Appeal, Second District of Florida, in Atkins v. Humes, 107 So.2d 253 (1958): "A motion for summary judgment is to determine if there is sufficient evidence to justify a trial upon the issues made by the pleadings."
In several cases this court has held that the evidence submitted in a summary judgment proceeding must be admissible "under the issues drawn by the parties in their pleadings." As an example, in Halavin v. Tamiami Trail Tours, Inc., 124 So.2d 746 (1960) we said:
"The real and only question before us on this appeal is whether there was sufficient competent, substantial evidence before the Circuit Court at the hearing on the defendant's motion for summary judgment, from which a jury could have lawfully drawn an inference that the defendant's negligence proximately caused the plaintiff's injuries, under the issues framed by the pleadings in the case. See Smith v. City of Daytona Beach, Fla. App. 1960, 121 So.2d 440, and the authorities cited therein."
*289 The summary judgment proceeding under Rule 1.36 was certainly not designed to be used as a substitute for the parties' pleadings. While the Florida Rules of Civil Procedure, when adopted by the Supreme Court of Florida in 1954 and when that court later amended them, contain many innovations in the procedures in civil cases before the courts of Florida, the Supreme Court wisely recognized and preserved in the new rules the vital function of the parties' pleadings in framing the issues upon which evidence could be submitted by the parties in support of their respective positions on the issues framed by the pleadings. In order to assure that those issues are framed in accordance with law, the procedural rules permit the opposing party to file motions to strike or dismiss as a means of testing the legal sufficiency of any pleading.
The Florida decision involving a procedural situation most nearly akin to the situation in the case at bar is Mark Leach Health Furniture Co. v. Thal, 143 So.2d 64 (1962), decided by the District Court of Appeal, Second District of Florida. In that case the plaintiff brought an action upon a conditional sales note. The defendant denied generally every allegation of the complaint, but, in response to a request for admissions, admitted all material allegations of the complaint but stated facts which would establish an affirmative defense of failure of consideration. The plaintiff filed a motion for a summary judgment. The District Court of Appeal held that the defendant could not raise the affirmative defense of failure of consideration through affidavits filed in opposition to the plaintiff's motion for a summary judgment and could avoid the entry of a summary judgment only by pleading his affirmative defense through an amendment to his answer.
In the case at bar the defenses of estoppel and statute of limitations were not raised in any pleadings of the parties and hence estoppel and the statute of limitations could not lawfully constitute issues in the case upon which the parties could submit evidence either at a trial or in a summary judgment proceeding.
Since the only grounds of the defendant's motion for a summary decree concern estoppel and the statute of limitations, which were not proper issues in the case, the chancellor had no alternative to denying that motion, as he did in the order appealed from herein. Therefore, finding no substantial merit in the appellant's contentions, this interlocutory appeal, in accordance with Rule 4.2(c) of the Florida Appellate Rules, 31 F.S.A., must be and it is
Dismissed.
RAWLS, C.J., and JOHNSON, J., concur.