SMITH, HAROLD S., Associate Judge.
Appellant, plaintiff below, brings timely appeal from a summary final judgment entered in favor of appellees, defendants below.
Plaintiff, a manufacturer of mobile homes, brought an action against defendants seeking possession of a trailer in defendants’ possession or a judgment for the value of the trailer. The complaint alleged that defendants had in their possession a mobile home manufactured by plaintiff notwithstanding plaintiff’s demand for the return of the trailer. Plaintiff alleged that it manufactured the trailer but has never delivered a manufacturer’s statement Certificate of Origin or Certificate of Title to the trailer to any person and thus “legal title thereto remains in the plaintiff.” Defendants did not file an Answer but filed a Motion for Summary Judgment accompanied by a supporting affidavit and other documents.
Appellant in its first point on appeal contends the trial court erred when it entered the summary final judgment for the defendants. The summary final judgment entered by the lower court in effect sustained an affirmative defense that was never plead.
Summary judgment in these circumstances is improper. The recent case of Meigs v. Lear, Fla.App.1966, 191 So.2d 286, clearly determined that an affirmative defense cannot be set forth in a motion for summary judgment. It said in part at page 288:
“* * * Rules 1.8 and 1.11 of the Florida Rules of Civil Procedure, 30 F.S.A. provide that, with certain exceptions not applicable here, as enumerated in subdivision (b) of Rule 1.11, all defenses to the other party’s claim shall be stated in the pleader’s answer. There is no provision of the rules permitting defenses to be raised in a motion for a summary decree or judgment. The rules specifically provide that the two defenses which the *278 defendant here tries to invoke in the present appeal — estoppel and the statute of limitations — constitute affirmative defenses that must be raised in an answer. * * * ” (Emphasis added.)
See also Mark Leach Health Furniture Company v. Thal, Fla.App.1962, 143 So.2d 64.
The court erred in holding on a motion for summary judgment, when no answer had been filed, that appellant was es-topped to claim possession of the mobile home. Therefore, the summary judgment appealed is reversed and this cause remanded for proceedings consistent with this opinion.
LILES, Acting C. J., and HOBSON, J., concur.