PER CURIAM.
The appellants, as plaintiffs, brought a complaint for declaratory decree, injunction and other relief alleging that a portion of a Dade County Zoning Resolution was invalid and severable from the remainder of the Resolution. The appellee did not file an answer but did file a motion for summary decree on the grounds that there was no genuine issue of material fact. Also set forth in the motion was the following, “ * * * and in support hereof the defendant will show inter alia, that the plaintiffs are equitably estopped to take this action. * * * ” An affidavit of the Director of the Dade County Building and Zoning Department was filed in support of the motion for summary decree.
The lower court entered a final summary decree in favor of appellee. On this appeal, appellants contend that estoppel is not applicable, and that the portion of the Resolution challenged is an unconstitutional delegation of legislative power. The ap-pellee contends that appellants are estopped from pursuing their remedy, and further, that there are sufficient legislative guidelines within the Resolution.
Although not raised by the appellants, we are presented with a difficult procedural problem. The appellee did not raise the affirmative defense of estoppel by an appropriate pleading, but rather, by a motion for summary decree supported by an affidavit. Therefore, we are presented with the question of whether an affirmative defense can be raised in a motion for summary decree. The recent case of Meigs v. Lear, Fla.App.1966, 191 So.2d 286, has clearly established the principle that a summary judgment proceeding cannot be used as a substitute for the parties pleadings, and, therefore, affirmative defenses may not be asserted in the motion for summary judgment. This rule was followed in Strahan Manufacturing Co. v. Pile, Fla. App.1967, 194 So.2d 277, where defendants’ motion for summary judgment based on estoppel was granted in the lower court without the affirmative defense being raised in any pleading. The summary judgment appealed was reversed and remanded. See also Mark Leach Health Furniture Company v. Thai, Fla.App. 1962, 143 So.2d 64.
*228 Since it is possible that estoppel was the basis for the summary decree, and since this defense was not properly raised, we must reverse and remand for further proceedings. The appellee shall be given an opportunity to answer and raise proper defenses.
Reversed and remanded.