252 So.2d 837 (1971)
B.B.S., Appellant,
v.
R.C.B., Appellee.
No. 70-842.
District Court of Appeal of Florida, Second District.
September 22, 1971.
*838 Robert D. Jones, of Skelton, Willis & Jones, St. Petersburg, for appellant.
Robert J. McDermott, Largo, for appellee.
PIERCE, Chief Judge.
Defendant B.B.S. appeals an interlocutory order granting plaintiff R.C.B.'s motion to compel B.B.S. to testify upon the taking of his deposition and an order denying his motion to dismiss and motion for summary judgment.
R.C.B. filed complaint on June 2, 1970 under F.S. Chapter 742, F.S.A., seeking determination of paternity of her child born September 16, 1965 and charging B.B.S. with being the putative father. She also alleged that from time to time B.B.S. had contributed to the support of the child, the last contribution for support having been made in May, 1970. Pursuant to B.B.S.'s motion, R.C.B. filed her more definite statement which showed that the support allegedly paid by B.B.S. was for school tuition, doctor bills, gifts and clothing for the child, but did not show that any money had been paid to R.C.B. by B.B.S. within the first four years of the child's life.
B.B.S. filed motion to dismiss on the ground that the complaint and more definite statement showed that the action was barred by the statute of limitations, F.S. § 95.11(9) F.S.A. He also filed a motion for summary judgment, attaching his affidavit setting forth that he was a permanent resident of Florida from December 1964 up to and including September 17, 1969, and that during that period he did not give any money to plaintiff R.C.B.
We deem it unnecessary to discuss the reasons given by the trial Judge in his order denying the motion for summary judgment, since we are of the opinion that both motions should have been denied upon procedural grounds.
RCP 1.110(d) 30 F.S.A., now permits affirmative defenses "appearing on the face of a prior pleading" to be asserted as grounds for a motion or defense under Rule 1.140(b). Hawkins v. Williams, Fla. 1967, 200 So.2d 800; Barrentine v. Vulcan Materials Company, Fla.App. 1968, 216 So.2d 59. In the case sub judice R.C.B. alleged "that from time to time defendant has contributed to the support of said minor." It did not appear on the face of her complaint that the action was barred by the statute of limitations, and, therefore, such defense should be raised by answer. Williams v. Covell, Fla.App. 1970, 236 So.2d 447. See also Kest v. Nathanson, Fla. App. 1969, 216 So.2d 233, and Geer v. Bennett, Fla.App. 1970, 237 So.2d 311, which held that "the court when faced with a motion to dismiss a complaint for failure to state a cause of action must confine itself strictly to the allegations within the four corners of the complaint."
The lower Court also correctly denied B.B.S.'s motion for summary judgment. *839 An affirmative defense must be pleaded and not raised by a motion for summary judgment supported by an affidavit. Meigs v. Lear, Fla.App. 1966, 191 So.2d 286; Strahan Manufacturing Co. v. Pike, Fla.App. 1967, 194 So.2d 277; Mills v. Dade County, Fla.App. 1968, 206 So.2d 227. See also Fink v. Powsner, Fla.App. 1958, 108 So.2d 324; Mark Leach Health Furniture Co. v. Thal, Fla.App. 1962, 143 So.2d 64; Wingreen Company v. Montgomery Ward & Co., Fla.App. 1965, 171 So.2d 408.
B.B.S.'s second point involves the correctness of the trial Court's order requiring him to answer questions after he had invoked his privilege against self-incrimination.
Pursuant to the order B.B.S. appeared for the taking of his deposition and invoked his constitutional privilege against self-incrimination sixty-one times. One of the questions he refused to answer was whether or not he had ever given R.C.B. any money to help in the support of the child. Subsequent to the taking of the deposition B.B.S. filed a motion for summary judgment, attaching thereto his affidavit in which he stated that during the period of time from December, 1964, through and including September 17, 1969, he did not give any money to plaintiff R.C.B.
Upon R.C.B.'s motion to compel B.B.S. to testify upon the taking of his deposition, the Court found that B.B.S.'s affidavit constituted a voluntary disclosure to a material question going to the merits of the cause and therefore waived his privilege against self-incrimination. We think the lower Court erred in this ruling.
B.B.S.'s affidavit merely set forth information going to the issue of the statute of limitations, not to the merits of the cause, which was the paternity of the child. He did not voluntarily disclose his own guilt or testify as to matters relevant to the real factual issue in the cause. Therefore, he did not waive his right to assert his constitutional privilege. Blais v. Blais, Fla.App. 1959, 112 So.2d 860; Jones v. Stoutenburgh, Fla. 1956, 91 So.2d 299; cf. Brown v. United States, 1957, 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589; Berner v. Schlesinger, 1957, 11 Misc.2d 1024, 178 N.Y.S.2d 135.
Accordingly, the order granting R.C.B.'s motion to compel B.B.S. to testify upon the taking of his deposition is reversed and the order denying his motion to dismiss and his motion for summary judgment is affirmed.
Affirmed in part and reversed in part.
LILES and MANN, JJ., concur.