Sherman **BROWN**, Jr., by his guardian
ad litem, et al., Plaintiffs,

v.

Gale **AMES**, et al., Defendants.

No. 5-71 Civ. 109.

United States District Court,
D. Minnesota,
Fifth Division.

April 18, 1972.

Robert E. Elion, Leech Lake Legal Services Project, Cass Lake, Minn., for plaintiffs.

Smith, McRae & Hilligan, by Thomas M. Hilligan, Bemidji, Minn., for defendants.

## ORDER DENYING PLAINTIFFS' MOTION TO VACATE AND FOR REHEARING

NEVILLE, District Judge.

This action is brought under the Federal Civil Rights statutes on behalf of four male teenage youths all residents in or about Cass Lake, Minnesota, against the Chief of Police and two police officers of the Village of Cass Lake. In an order dated January 25, 1972, this court dismissed out the Village of Cass Lake as a defendant under the doctrine of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The complaint charges the arrest of the plaintiffs "without legal or just cause", there being no crime witnessed by the said defendants nor any lawful process or warrant issued for the arrest of the plaintiffs. Personal violence is charged on the part of the defendant police officers. Each plaintiff prays for a judgment of substantial money damages, including exemplary and punitive damages.

Three of the plaintiffs already have given approximately 250 pages of pretrial deposition testimony, and the fourth plaintiff stands willing, according to counsel, to be deposed at any reasonable time. The plaintiffs have refused, however, under the V Amendment to the United States Constitution to answer any questions posed by defendants in the deposition dealing with their activities and conversations the day or evening prior to their arrest, including facts relating to damage to the car of one William Cerrigan. Their counsel asserts they may incriminate themselves since criminal charges of aggravated damages to property are now pending against the plaintiffs in the state county court arising out of this same series of events as are attempted to be covered in the deposition questions. There can be little question but what the field of inquiry is relevant, or may lead to the discovery of relevant evidence as to whether the police officers had probable cause to make the arrests here in question.

The court does not quarrel with the proposition that each plaintiff can assert his Fifth Amendment right regarding " . . . depositions or interrogatories directed against him in a civil action where the answers might incriminate him in a pending criminal case." De Vita v. Sills, 422 F.2d 1172, 1178 (3d Cir. 1970); Duffy v. Currier, 291 F. Supp. 810 (D.Minn.1968). Nor will the court here attempt to compel such answers.

The sole question presented is whether plaintiffs by commencing the action and submitting themselves to the jurisdiction of the court can be compelled either to waive their Fifth Amendment Privilege and respond to discovery proceedings and later of course to cross examination at trial, or have their Civil Rights action dismissed with prejudice. The court answers this question in the affirmative. Lyons v. Johnson, 415 F.2d 540 (9th Cir. 1969); Christenson v. Christenson, 281 Minn. 507, 162 N.W.2d 194 (1968).

The *Lyons* case conceivably can be distinguished from the case *sub judice* on the grounds that plaintiff there refused to answer any question whatsoever except her name, although she did claim the V Amendment, whereas here plaintiffs did respond at some length and objected only to certain questions. This seems to the court however to be a rather tenuous basis for distinction. The *Christenson* case dismissed a divorce complaint where plaintiff, who originally had invoked the jurisdiction of the court, refused to respond to questioning on the subject of her own misconduct, claiming V Amendment privilege. The Minnesota court recognized the case as one of first impression, but

cited authorities from elsewhere and concluded in a well reasoned opinion that the V Amendment in effect may be used as a shield but not a sword. Franklin v. Franklin, 365 Mo. 442, 283 S.W.2d 483 (1955); Annest v. Annest, 49 Wash.2d 62, 298 P.2d 483 (1956); Levine v. Bornstein, 13 Misc.2d 161, 174 N.Y.S.2d 574, aff'd 7 A.D.2d 995, 183 N.Y.S.2d 868, aff'd, 6 N.Y.2d 892, 190 N.Y.S.2d 702, 160 N.E.2d 921; Stockham v. Stockham, Fla.App., 159 So.2d 481, aff'd 168 So.2d 320, 4 A.L.R.3d 539 (1964). The note in 4 A.L.R.3d 545 collects and recites other cases to the same effect. Analogy is drawn to the well settled rule that a defendant in a criminal case may choose not to testify, claiming his privilege, but once he voluntarily takes the witness stand, he cannot thereafter object and refuse answers on cross examination or otherwise claim a privilege.

The case at bar is not of course one where a defendant in a civil action seeks to invoke the privilege. He may do so. See Duffy v. Currier, *supra.* Nor is the court here willing to hold, that merely by bringing the action plaintiffs have irrevocably waived their privilege, but rules only that to continue to prosecute their action further plaintiffs either must do so; else their action will be dismissed. They have an election. Plaintiffs' counsel at the hearing indicated that the criminal cases in the State court against plaintiffs would come to trial before the end of April 1972 and so this court, in order to give plaintiffs time to reflect on this case, has set it ahead to the December 1972 term of court—partly on the theory the criminal cases may well then be disposed of—with the right to accelerate the trial date to June 1972 if defendants' counsel is notified within 30 days of plaintiffs' willingness to submit to the deposition and/or any other discovery inquiry and plaintiffs make themselves available therefor.

A separate order has been entered.