766 So.2d 1076 (2000)
Jane LASCHKE and Rudolph Laschke, Appellants,
v.
BROWN & WILLIAMSON TOBACCO CORPORATION, individually and as successor by merger to The American Tobacco Company, a foreign corporation, and Lorillard Tobacco Company, a foreign corporation, Appellees.
No. 2D99-2081.
District Court of Appeal of Florida, Second District.
June 30, 2000.
Rehearing Denied August 10, 2000.
*1077 Howard M. Acosta, St. Petersburg, for Appellants.
Joseph W. Hatchett, C. Lawrence Stagg and Margaret D. Mathews of Akerman, Senterfitt & Eidson, P.A., Tampa, and Kenneth J. Reilly of Shook, Hardy & Bacon, L.L.P., Miami, for Appellee Lorillard Tobacco Company.
Daniel F. Molony, Richard M. Zabak and Michael P. Winter of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, and William E. Hoffmann, Jr. of King and Spalding, Atlanta, Georgia, for Appellee Brown & Williamson Tobacco Company.
CAMPBELL, Acting Chief Judge.
Appellants, Jane and Rudolph Laschke (the Laschkes), challenge the trial court's final summary judgment entered in favor of Appellees, Lorillard Tobacco Company and Brown & Williamson Tobacco Corporation, individually and as a successor by merger to The American Tobacco Company (collectively Appellees). We affirm in part and reverse in part.
The Laschkes' second amended complaint seeks damages for injuries suffered by Jane Laschke allegedly due to prolonged cigarette smoking. The complaint alleges that Mrs. Laschke began smoking in 1956 at the approximate age of sixteen. She continued smoking until she was diagnosed with throat cancer in 1995. Discovery indicates that Mrs. Laschke smoked Appellees' brands of cigarettes from 1956 through 1972 and other brands until 1995.
All of the counts of the Laschkes' second amended complaint are based on product liability theories. The Laschkes sought recovery from Appellees in three counts: Count I for negligence, including allegations of negligent design resulting in an inherently dangerous product unfit for the purpose for which it was manufactured and marketed, and failure to warn of the dangers posed by cigarettes as an inherently dangerous product; Count III for strict liability, including allegations of defective design resulting in an inherently dangerous product, and failure to warn of the dangers inherent in cigarette smoking; and Count V for conspiracy to commit fraud, including allegations of both misrepresentation of material facts and concealment of material facts.
The posture of this case before us makes meaningful review of the final summary judgment difficult to say the least. Appellees' motions sought final summary judgment based on eight different legal grounds. No one ground is dispositive of the entire case. The final summary judgment entered by the trial court contains no findings concerning any of the eight grounds raised. Rather, without any discussion of the issues raised by either party, the court simply entered summary judgment for Appellees "based upon all of the grounds asserted and argued...." Neither of the parties chose to provide this court with a transcript of the hearing on the motion for summary judgment. In the absence of a transcript of the hearing and a reasoned discussion of the issues, we are left with no meaningful legal analysis to review.
Despite these deficiencies, or perhaps because of them, we conclude that the record before us demonstrates that there are genuine issues of material fact that remain to be resolved. A defendant's motion for summary judgment is not a vehicle to test the sufficiency of the evidence to support a plaintiff's claims. See Meigs v. Lear, 191 So.2d 286, 288 (Fla. 1st DCA 1966). Rather, a defendant's motion for summary judgment can determine only whether there is a complete absence of evidence to support the plaintiff's claims. Id.; see also Holl v. Talcott, 191 So.2d 40, *1078 43-44 (Fla.1966). In this case, the parties dispute numerous factual issues, including when Mrs. Laschke smoked Appellees' brands, whether Mrs. Laschke relied on specific advertisements, whether her reliance on these advertisements caused her to continue smoking, and whether Mrs. Laschke was actually addicted to cigarettes. Appellees contend that the Laschkes' allegations on these matters are not supported by record evidence and so any dispute should be resolved in their favor. We decline to do so. To the extent that the final summary judgment is based in any way on a resolution of disputed facts, it is reversed.
Having determined that the Laschkes' claims are not defeated as a matter of fact, it remains for us to determine whether any of the Laschkes' claims are defeated as a matter of law so as to warrant the entry of summary judgment in favor of Appellees. Appellees advance two theories to defeat portions of the Laschkes' claims as a matter of law. First, Appellees argue that the Laschkes' claims based on a failure to warn and their conspiracy claim based on concealment are preempted by the Federal Cigarette Labeling and Advertising Act, as amended, 15 U.S.C. §§ 1331-1340 (the Labeling Act). Second, Appellees argue that the Laschkes' conspiracy to commit fraud claims are barred by the fraud statute of repose. See § 95.031(2), Fla. Stat. (1995). We agree with Appellees as to their first argument, but disagree as to the second.
The preemption issue is controlled by Cipollone v. Liggett Group, Inc., 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). In Cipollone, the Supreme Court held that the preemptive scope of the Labeling Act is governed by the express language of section 5(b), which states:
No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this Act.
15 U.S.C. § 1334 (1995). Cipollone holds that all claims against cigarette manufacturers based upon a breach of a duty to warn of the dangers of cigarette smoking are preempted for conduct occurring after 1969, the effective date of section 5(b) of the Labeling Act as amended. The Laschkes concede that preemption applies to their negligence and strict liability claims based upon Appellees failure to warn after 1969. In addition, we hold that the Laschkes' claim for conspiracy to commit fraud through concealment, which attempts to allege a duty beyond that imposed by the Labeling Act, is also preempted for acts occurring after 1969. See Brown & Williamson Tobacco Corp. v. Carter, 723 So.2d 833 (Fla. 1st DCA 1998), review granted, 732 So.2d 326 (Fla.1999). We therefore affirm summary judgment in favor of Appellees as to the Laschkes' post-1969 negligence and strict liability claims for failure to warn. We also affirm the post-1969 conspiracy to commit fraud through concealment claim insofar as the Laschkes' attempt to allege a duty beyond that imposed by the Labeling Act. The Laschkes' pre-1969 claims for failure to warn and conspiracy to conceal information survive the motions for summary judgment, as do the negligence and strict liability claims based on design defects and the conspiracy claims based on misrepresentations of material fact.
As to Appellees' statute of repose argument, we conclude that the statute of repose issue should not have been determined on summary judgment under the facts of this case. Appellees argue that the fraud statute of repose bars the Laschkes' claim for conspiracy to commit fraud to the extent that it arose prior to 1984, twelve years before the Laschkes' commencement of this action in 1996. See § 95.031(2), Fla. Stat. (1995). However, a statute of repose runs not from the time a cause of action accrues, but from the date of a discrete act on the part of a defendant. See Kush v. Lloyd, 616 So.2d 415, 416 (Fla.1992). In this case, the Laschkes have alleged an ongoing and continuous *1079 conspiracy to commit fraud on the part of Appellees and others. The Laschkes' theory of liability is not that the alleged successive and repetitive acts in furtherance of the conspiracy resulted in successive and separate causes of action that they were unaware of until a later time. Rather, their theory is that the successive, continuous, repetitive and ongoing conspiracy resulted in a single actionable occurrence, i.e., a slowly evolving latent disease.
In claims alleging conspiracy, the critical date for statute of repose purposes should be the date of the last act done in furtherance of the conspiracy. Two allegations in the Laschkes' complaint relate to this critical date and are factually in dispute. The Laschkes allege:
All of the torts alleged in this Complaint were continually and repetitively committed by the defendants (and conspirators mentioned in Count V) from the time they were initially committed through the present.
and
The conspiracy of the defendants has been ongoing since at least December 1953 and has been continuous through the present.
We conclude that, because of the dispute surrounding these allegations, the date of the last act done in furtherance of the conspiracy presents a question of fact not proper for resolution on summary judgment. Therefore, the Laschkes' claim for conspiracy to commit fraud cannot be said to be barred by the statute of repose as a matter of law based on this record, and this claim survives Appellees' motions for summary judgment.
In conclusion, we hold that the only claims properly disposed of on summary judgment in favor of Appellees were the Laschkes' claims for post-1969 failure to warn and post-1969 conspiracy to conceal information that attempts to enlarge the duty imposed by the Labeling Act. As to the remainder of the Laschkes' claims, summary judgment was inappropriate and should have been denied.
Affirmed in part, reversed in part and remanded.
ALTENBERND and NORTHCUTT, JJ., Concur.