NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FL-7, INC., )
                                        )
        Appellant, )
                                        )
v. )          Case Nos. 2D17-1231
                                        )                     2D17-2475
SWF PREMIUM REAL ESTATE, LLC )
d/b/a ENGEL & VOLKERS, a Florida )
limited liability company, )
                                        )
        Appellee. )
_____ )
                                        )
SGM BUILDING GROUP, INC., a Florida )
profit corporation, )
                                        )
        Appellant, )
                                        )
v. )          Case No.  2D17-2557
                                        )
SWF PREMIUM REAL ESTATE, LLC )
d/b/a ENGEL & VOLKERS, LLC, a Florida )
limited liability company, )
                                        )
        Appellee. )         CONSOLIDATED
                                        )
_____ )

Opinion filed October 3, 2018.

Appeals from the Circuit Court for Collier
County; James R. Shenko, Judge.

Kelsey L. Hazzard, J. Michael Coleman,
and Christyna M. Torrez of Coleman,
Hazzard, Taylor & Diaz, P.A., Naples,
for Appellant FL-7, Inc.

Ian T. Holmes and David P. Fraser of
Holmes Kurnik, P.A., Naples; and Andrew
B. Greenlee of Andrew B. Greenlee, P.A.,
Sanford, for Appellant SGM Building Group,
Inc.

Nicholas W. Long, Stanley A. Bunner, Jr.,
Peter J. Cambs, and Brian O. Cross of
Goede, Adamczyk, Deboest & Cross,
PLLC, Naples, for Appellee.

LUCAS, Judge.

In these consolidated appeals, we are called upon to review a final summary judgment entered in favor of SWF Premium Real Estate, LLC d/b/a Engel & Volkers, LLC ("Engel & Volkers"), a real estate broker. We need not recount all the details of the underlying real estate transaction that gave rise to this litigation, a transaction that, one could say, remained somewhat fluid throughout its execution. Briefly put, when SGM Building Group, Inc. ("SGM") attempted to "assign" its rights and obligations as a purchaser under two sale agreements to FL-7, Inc. ("FL-7") shortly before closing,[1] and FL-7 subsequently closed on the properties without paying Engel &

---

[1]The document that purported to effectuate this assignment between FL-7 and SGM was not actually executed by SGM but rather by Garsy Hadi Karimnejad, individually (who is, apparently, the owner and principal of SGM). Neither of the documents were executed by the seller in the sale agreements. We tend to agree with Engel & Volkers' observation that SGM's argument in the litigation below and on appeal (that SGM was relieved of its liability for the brokerage commissions by virtue of an "assignment") rests on the mischaracterization of these documents as being a novation of the purchase and sale agreements.

Volkers' commissions, Engel & Volkers sued both SGM and FL-7 to recover the commissions it claims it was owed.

Engel & Volkers' claim against SGM was fairly straightforward: it alleged that SGM had breached a contractual provision to pay Engel & Volkers' commissions that SGM had executed as part of the sale agreements. But the basis of Engel & Volkers' breach of contract claim against FL-7—an entity that was not a signatory to either of those agreements and with whom Engel & Volkers had never entered into any kind of contract—was not at all clear from the complaint. Counts I and III of the complaint, each of which named SGM and FL-7 together as defendants, claimed that the commission provision in the sale agreements (which, again, FL-7 had never executed) had been breached when FL-7 closed on the properties. Conspicuously absent from Engel & Volkers' complaint are the terms "third-party beneficiary" or "assignee." Engel & Volkers did not allege the elements of a claim for breach of a third-party beneficiary contract. Nor did the complaint allege how FL-7 became directly liable to pay Engel & Volkers' brokerage commission by virtue of the "assignment" FL-7 never executed.

Engel & Volkers eventually filed a motion for summary judgment on its claims against FL-7. In that motion, Engel & Volkers appeared to assert that, because the pertinent sale agreements referred generically to the "Buyer's" obligation to pay the brokerage commission and because FL-7 was an "assignee" of the rights and obligations of the sale agreements, FL-7 became directly liable to Engel & Volkers when it closed on the properties without paying the commission. In that respect, it would appear that Engel & Volkers was proceeding under the theory that FL-7 "stepped into

- 3 -

the shoes" of SGM's obligation to pay the brokerage commissions as SGM's assignee. Cf. State v. Family Bank of Hallandale, 667 So. 2d 257, 259 (Fla. 1st DCA 1995) ("The law is well established that an unqualified assignment transfers to the assignee all the interests and rights of the assignor in and to the thing assigned. The assignee steps into the shoes of the assignor and is subject to all equities and defenses that could have been asserted against the assignor had the assignment not been made." (citing Dependable Ins. Co. v. Landers, 421 So. 2d 175, 179 (Fla. 5th DCA 1982))).

That theory, however, was not actually pleaded. Nor was it a stated basis for the trial court's eventual ruling. After granting summary judgment, the trial court entered a final judgment in favor of Engel & Volkers, in which the court ruled: "Defendant, SGM Building Group, Inc., and Defendant, FL-7, Inc. materially breached its [sic] obligation to pay commissions pursuant to Sales Contract 1 . . . and Sales Contract 2." How FL-7 came to share in SGM's liability under sales contracts to which FL-7 was not a signatory was an issue the court's judgment did not expound upon. Nevertheless, the final judgment decreed that SGM and FL-7 would be jointly and severally liable for a judgment of $142,500, plus postjudgment interest. In case numbers 2D17-1231 and 2D17-2475, FL-7 appeals the final judgment against it, as well as the imposition of joint and several liability for that judgment.

Our review of a circuit court's entry of summary judgment is de novo. Herendeen v. Mandelbaum, 232 So. 3d 487, 489 (Fla. 2d DCA 2017) (citing Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000)). A moving party is entitled to summary judgment "if the pleadings and summary judgment

- 4 -

evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fla. R. Civ. P. 1.510(c).

There appears to be a considerable degree of confusion in the operative pleading (accompanied by some oscillation in the advocacy) over what Engel & Volkers' theory of liability is with respect to FL-7—is the claim one of contractual liability premised on FL-7's status as an assignee; or is it one of indirect contractual liability based on Engel & Volkers' status as a third-party beneficiary?[2] The complaint does not make it at all clear, and neither does the record. Commendably, Engel & Volkers has endeavored to provide some clarification in its briefing and oral arguments by likening its claims to a breach of third-party beneficiary cause of action. But from our review of the record before us, we cannot agree that Engel & Volkers met the "heavy burden" of proving there was no genuine issue of material fact in dispute about the existence (much less a breach) of a purported third-party beneficiary contract between it and FL-7. Indeed, Engel & Volkers has not yet pleaded a viable breach of third-party beneficiary cause of action against FL-7 under Florida law. See Mendez v. Hampton Court Nursing Ctr., LLC, 203 So. 3d 146, 148-49 (Fla. 2016) ("To establish an action for breach of a third-party beneficiary contract, [the third-party beneficiary] must allege and prove the following four elements: (1) existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach." (alteration in original) (quoting Found. Health v. Westside

---

[2]It is probably safe to assume that Engel & Volkers is far less concerned about which of the parties—FL-7 or SGM—pays its commissions or which legal cause of action furnishes its right to recovery, so long as the commissions are paid.

- 5 -

EKG Assocs., 944 So. 2d 188, 194-95 (Fla. 2006))). Thus, it cannot be said that "the pleadings and summary judgment evidence" established Engel & Volkers' entitlement to summary judgment "as a matter of law." Accord Fla. R. Civ. P. 1.510(c).

As the First District explained in Meigs v. Lear, 191 So. 2d 286, 289 (Fla. 1st DCA 1966), the summary judgment proceeding "was certainly not designed to be used as a substitute for the parties' pleadings." See also Mark Leach Health Furniture Co. v. Thal, 143 So. 2d 64, 66 (Fla. 2d DCA 1962) ("The efforts of the defendant to raise the affirmative defense of failure of consideration to prevent the entry of the summary judgment was ineffective. This affirmative defense was not pleaded in the answer and there was no request to amend."). So, too, in the case at bar we cannot affirm a summary judgment entered on an as-yet unpled cause of action.

We find no merit in any of the other issues raised in these appeals or in case number 2D17-2557 and affirm the trial court's rulings in all other respects. However, as it pertains to FL-7, we must reverse the trial court's final judgment and remand the case for further proceedings consistent with this opinion.

Affirmed in part; reversed in part; remanded.


VILLANTI and BADALAMENTI, JJ., Concur.