Marsh v. Marsh.

## STEWART C. MARSH vs. ELIZA ANN MARSH.

1. A general allegation in a bill for divorce, that the defendant within a specified time has committed adultery, is insufficient. The party with whom the crime is believed to have been committed, must be named; or if unknown, an averment to that effect is necessary.

2. The charge must be so full and specific that the party charged may know what he is called on to answer. It should state the time when, the the place where, and if known, the person with whom the offence was committed. It is not necessary to state the day, but the month and year should be stated.

3. An averment that the statements contained in the bill are made upon information and belief, constitute no ground of demurrer.

4. A bill praying a discovery from the defendant, whether since her marriage she has not committed adultery with any person whatever, and

Marsh v. Marsh.

with whom, and at what time and place, and under what circumstances, is demurrable. The rule is, that the defendant is not bound to accuse himself of a crime, or to furnish any evidence whatever which shall lead to an accusation of that nature. And the objection lies to a particular interrogatory, though the bill be in other respects unexceptionable.

5. Under a general demurrer for want of equity, no objection for want of *form* can properly be raised. A demurrer must express the several causes of demurrer.

6. Demurrer overruled, with leave to amend by stating the grounds of demurrer within twenty days, unless the complainant within that time, shall amend his bill in the particulars objected to.

*T. Runyon*, for the defendant, in support of the demurrer.

I. The bill does not charge adultery except *on information and belief*.

Our " act concerning divorces," provides that the petition shall *plainly* and *fully* state the cause or causes of the application for divorce, &c.

The bill (when the proceeding is by bill) should be equally explicit in statement.

No affidavit of the truth of the allegations is required to be made by complainant; there is, therefore, no excuse whatever for the vague statement upon information and belief. Under such circumstances, it is surely not requiring too much of the complainant, to insist that he state *positively* the fact of the alleged adultery.

II. There is no attempt at particularity in this bill.

It states that the complainant is informed and believes, and charges the truth to be, that the defendant has committed adultery with *divers persons* at *different places* in New Jersey *since her marriage* to the complainant, and especially that *in all the years*, 1858, 1859, 1860, 1861, 1862, 1863, she committed adultery with J. H. G. Hawes, at Newark, but on what particular day complainant is ignorant.

Here is a period of more than five years through which adultery is charged merely on information and belief, without a single specification of time, place, or circumstance. *Shelford on Mar. & D.* 399.

So of the statement as to her living in adultery with

Hawes. That is merely on information and belief, without specification of time "for a long time past," and without any circumstances.

III. The prayer of the bill requires the defendant to discover whether, "since her marriage to complainant she has not committed adultery with some one or other, with the particulars."

No such answer can be required of the defendant.

IV. If this bill can be sustained, then a simple statement that complainant is informed and believes that since his marriage to defendant she has committed adultery, and praying a discovery, would be sufficient in a bill for divorce.

The additional statement, that the complainant is informed and believes that in all of more than five years past, defendant has committed adultery with a certain person at a certain designated city, would not redeem the bill from the objection.

For if that allegation were denied by the answer, and incapable of proof, the complainant, if the bill be held sufficient, would be at liberty to proceed to proof under the general charge containing no particulars or specifications whatever.

V. The affidavit to the bill is not in compliance with the law.

The statute requires the complainant's oath that "his complaint" is not made by any collusion, &c.

The affidavit in this case is that the "bill of complaint" is not made by any collusion, &c.

The object of the statute is to guard against collusion in prosecuting suits for divorce, and it is not satisfied by oath that the bill is not *made* (whatever that means) by collusion.

*Ranney*, for the complainant, contra.

The bill states the cause of the application for divorce to be adultery, committed by the defendant with John H. G. Hawes, at the city of Newark, on different days in each and all of the years, 1858, 1859, 1860, 1861, 1862, and 1863; and that the defendant, at the time of filing of the bill was

living, and for a long time previous had been living, in adultery with said Hawes at the city of Newark.

The complainant makes these charges upon "information and belief." See precedents in 2 *Barb. Ch. Pr.* 680; 3 *Hoffman's Ch. Pr. (appendix)* 373.

As to the want of particularity.

All that is required in bills for divorce is, that the offence charged should be stated with such reasonable certainty as to time, place, and person, that the defendant may be able to meet it. The practice in the English Ecclesiastical Courts of setting out all the circumstances of the case is not adhered to, and is not required here.

It is sufficient to charge that the offence was committed with one or more persons unknown to the complainant. *Germond* v. *Germond*, 6 *Johns. Ch. R.* 347, 349. See also *Bokel* v. *Bokel*, 3 *Edw. Ch. R.* 376; *Morrell* v. *Morrell*, 3 *Barb. S. C. R.* 236.

Particular evidence may be given under a general charge of lewdness. *Clark* v. *Periam*, 2 *Atk.* 333, 337; *Watkyns* v. *Watkyns, Ibid.* 96.

If the acts of adultery charged are sufficiently circumstantial, it is not necessary to specify time and place. *Moore* v. *Moore*, 3 *Moore* 84; *Chitty's Eq. Dig.*, "*Husband and Wife*" 1, 6.

The affidavit annexed to the bill is in the same form given in *Potts' Ch. Prec.* 185.

THE CHANCELLOR. The practice in the English Ecclesiastical Courts on a charge of adultery, either in the libel or in the responsive allegation, is to set out circumstantially all the principal facts of the case as proposed to be proved. The libel states, also, the various acts of adultery intended to be relied on; when, where, and with whom committed. *Dillon* v. *Dillon*, 3 *Curteis* 86; *Shelford on Mar. & D.* 398.

The same degree of particularity has not been adopted in bills for divorce in this country. But it is settled that a general allegation that the defendant, within a specified time,

has committed adultery, is insufficient. The party with whom the crime is believed to have been committed must be named, or, if unknown, an averment to that effect is necessary. *Church* v. *Church*, 3 *Mass.* 157; *Choate* v. *Choate*, *Ibid.* 391; *Germond* v. *Germond*, 6 *Johns. Ch. R.* 347.

Every principle of good pleading requires that the charge should be so full and specific that the defendant may know the charge she is called on to answer. It should state the time when, the place where, and if known, the person with whom the offence was committed. It is not necessary as in criminal cases, to state the day, but the month and year should be stated.

The libel charging adultery ought to set forth some certain and definite time, *viz.* the year and month wherein the crime of adultery is alleged to be committed, for without such specification of time, the libel is not valid in law, and the court will not proceed in the cause, even though the party accused should not oppose the proceeding. *Ayliffe's Parergon* 50; *Shelford on Mar. & D.* 399.

The true rule in charging adultery as well as the reason upon which it rests, is stated with clearness by Chancellor Walworth in *Wood* v. *Wood*, 2 *Paige* 113: "The only safe and prudent course is to require the charge, whether of crimination or recrimination, to be stated in the pleadings and in the issues, in such a manner that the adverse party may be prepared to meet it on the trial. If the persons with whom the adultery was committed are known, they must be named in the defendant's answer, and the adultery must be charged with reasonable certainty as to time and place. If they are unknown, the fact should be stated in the answer and in the issue, and the time, place, and circumstances under which the adultery was committed, should be set forth. Neither party has a right to make such a charge against the other on mere suspicion, relying on being able to fish up testimony before the trial to support the allegation. When information sufficient to justify the charge is given, the party

will be possessed of the requisite facts to put the charge in a distinct and tangible form on the record."

These principles and reasons apply as well to the bill charging adultery, as to the answer setting it up by way of recrimination. The same principle is recognized in *Clutch* v. *Clutch, Saxton,* 474; and in *Burr* v. *Burr,* 2 *Edw. Ch. R.* 448.

The bill in this case charges that the defendant, since her marriage with the complainant, hath committed adultery at divers places in the state of New Jersey, with divers persons, whose names are unknown to the complainant. The parties were married on the 15th of September, 1835. The bill was. filed on the 23d of March, 1863. The allegation is tantamount to a general charge that within twenty-eight years before filing the bill, the defendant hath been guilty of adultery. The bill further charges that the defendant, on different days in the years 1858–59–60–61–62–63, but upon what particular days the defendant is ignorant, at the city of Newark, committed adultery with one John H. G. Hawes, and that the defendant is now, and for a long time past has been, living in adultery with the said John H. G. Hawes, at the city of Newark aforesaid. If any part of this charge possesses the requisite degree of certainty, it is the last clause, which charges that the defendant is now living in adultery at Newark, with Hawes, and it would seem that the defendant's evidence must be confined to the single point, that at or about the time of filing the bill, the defendant was guilty of the crime specified. But what is meant by a long time past? and how is an issue to be framed upon the charge? Suppose the defendant denies the charge, and an issue at law is directed. Is the jury to inquire whether the defendant, within a long time past, has been guilty of adultery?

It is objected that the charge of adultery is not made positively, but upon information and belief only. The form is derived from the precedents in the Court of Chancery in New York. The averment that the statement is made upon information and belief is there appropriate, because, by the

rules of that court, the bill is required to be verified by oath. And in bills which are to be thus verified, as well as in answers and petitions, the several matters stated, charged, averred, admitted, or denied, are required to be stated positively, or upon information or belief only, according to the fact. 2 *Barb. Ch. Pr.* 680; 3 *Hoffman's Ch. Pr.* (*appendix*) 371; *Rules of* 1837, *p.* 32, *Rules* 17, 18.

Where the bill is not verified by oath, the statements contained in it are not understood to be within the knowledge of the party. It is not requisite that they should be so, any more than in the case of a declaration at law. The averment, therefore, that the statements are made upon information and belief, though unnecessary and inappropriate, constitutes no ground for demurrer.

The bill prays a discovery from the defendant, whether, since her marriage, she hath not committed adultery with any person whatever, and with whom, and at what time and place, and under what circumstances. This constitutes a valid ground of demurrer. The rule is, that a defendant is not bound to accuse himself of a crime, or to furnish any evidence whatever which shall lead to any accusation of that nature. And the objection lies to a particular interrogatory, though the bill be in other respects unexceptionable. *Mitford's Eq. Pl.* 194; *Story's Eq. Pl.*, § 522, 524, 575.

I have thus expressed an opinion upon the several points discussed in the briefs of counsel. But the demurrer, on examination, proves to be merely a general demurrer for want of equity, under which no objection for want of form can properly be raised. A demurrer must express the several causes of demurrer. *Story's Eq. Pl.*, § 443; *Mitford's Eq. Pl.* 213.

This objection was not raised by counsel, nor is there any intimation, in the briefs submitted, that it has been waived. The demurrer cannot be allowed as it now stands, because it is clear that the bill is not defective for want of equity. Leave may be given to amend the demurrer. *Glegg* v. *Legh*, 4 *Madd.* 208; *Thorpe* v. *Macauley*, 5 *Madd.* 218.

In such case leave would be given, if desired, to the complainant to amend also, which would avoid the necessity of amending the demurrer. The objections raised are, nevertheless, too serious to justify the court in requiring an answer to the bill in its present shape. As the most effectual mode of attaining the ends of justice without unnecessary delay, the demurrer is overruled, with leave to amend the demurrer within twenty days from the date of the order, unless the complainant, within that time, shall amend his bill in the particulars objected to, for which purpose leave is granted.

The order is made without costs to either party as against the other.