## BLACK *vs.* BLACK.

1. A time certain as to when an alleged act of adultery was committed, need not be stated in a bill for divorce, when the name of the person with whom, and the place at which the offence is alleged to have been committed, are set forth.

2. In such case, an allegation that the offence was committed on different days, in specified months of specified years, will be sufficient.

3. A demurrer will lie to a prayer for discovery as to the commission of adultery.

On demurrer to bill for divorce, on the ground of adultery.

*Mr. S. D. Dillaye,* for demurrant.

*Mr. J. Wilson,* for complainant.

THE CHANCELLOR.

The grounds of the demurrer, which is special, are, that the offence charged is not stated with sufficient particularity, and that the bill prays discovery as as to the commission thereof.

The bill states, that the defendant, since her marriage with the complainant, and on different days of the months of May, June, July, August, September, October, and November, in

the year 1872, and in the year 1873, and at divers other times, at the township of Mansfield, in the county of Burlington, in this state, and at Trenton, and in Philadelphia, committed adultery with one J. C., of the county of Burlington.  It further states, that she, since her marriage with the complainant, and on different days of the months of July, August, September, October, November, and December, in the year 1873, and on different days of the months of January, February, March, April, May, June, July, August, September, and October, in the year 1874, and at divers other times, at the townships of Mansfield and Springfield, in the county of Burlington, and in Philadelphia, and in the city of New York, committed adultery with H. B., of the county of Burlington.  This pleading is in conformity with the 158th rule of this court, which provides, that in suits for divorce on account of adultery, the bill or petition shall state the name of the person with whom the adultery was committed, if known, and, if not known, shall set forth the description of the person, or such designation of the time, place, and circumstances under which the act, or series of acts, were committed, as will enable the defendant and the court to distinguish ánd individuate the particular offence or offences intended to be charged.  *Mills* v. *Mills*, 3 *C. E. Green* 445 ; *Miller* v. *Miller*, 5 *C. E. Green* 216.  Tried by the rule laid down by Chancellor Green, in *Marsh* v. *Marsh*, 1 *C. E. Green* 391, it is sufficient, in all respects, as to the charges of adultery in the years 1872, 1873, and 1874.  He there said : " Every principle of good pleading requires that the charge should be so full and specific that the defendant may know the charge she is called on to answer.  It should state the time when, the place where, and, if known, the person with whom the offence was committed.  It is not necessary, in criminal cases, to state the day, but the month and the year should be stated."  Such pleading has repeatedly been adjudged sufficient in this court.  *Berckmans* v. *Berckmans*, 1 *C. E. Green* 122 ; *Noel* v. *Noel*, 9 *C. E. Green* 137.  No more particularity than is found here, except as to time, is

required in an indictment for adultery. *Helfrich* v. *Common-wealth*, 33 *Penn.* 68 ; *Commonwealth* v. *Reardon*, 6 *Cush.* 78 ; *Bishop on Statutory Crimes*, §§ 671, 672. As to all other time since the marriage, it is sufficient also. The names of the alleged paramours are stated, as are also the places. No rule of pleading in such cases, in this court, requires a speci-fication of time, when the name of the person with whom, and the place at which the offence is alleged to have been committed, are given. In *Goodwin* v. *Goodwin*, 8 *C. E. Green* 210, the above expression of Chancellor Green, in *Marsh* v. *Marsh*, so far as the necessity of particularity as to time is concerned, was referred to by Chancellor Zabriskie, in deciding the question of the sufficiency of pleading in a bill for divorce for adultery, in which, in stating the offence, the name of the alleged paramour was given, with the place at which the adultery was said to have been committed, but the only statement as to time was, that it was since Septem-ber, 1869. The bill was filed in November, 1871. He said : " This was no doubt founded upon the general practice familiar to the Chancellor above referred to. He mentions no authority, and evidently did not intend to lay it down as a strict rule of pleading in chancery, but states it as the proper mode in bills in equity. * * * * In equity, where there are not technical rules as to the form of the alle-gations, as there are at law, I see no reason to make a rule that the allegation shall be as to a time certain, either as to day, month, or year, when it is not required to prove the fact at the time alleged. Such allegation would be mere form— a fiction, which would do no good, and might mislead. I find no authority requiring such allegation of time, such as would authorize me to sustain a demurrer."

In *Berckmans* v. *Berckmans*, Chancellor Green said, citing the authorities : " It is clearly not necessary that the offence should be proved in time and place. The mind of the court must be satisfied that actual adultery has been committed, but if the circumstances establish the fact of general cohabitation, it is enough, although the court may be unable to decide at

what time the offence was committed." According to the rule, and the decisions, the pleading under consideration is, in all respects, sufficient. The demurrer to the prayer for discovery is good. *Marsh* v. *Marsh, supra.*