168 So.2d 320 (1964)
Elizabeth R. STOCKHAM, Appellant,
v.
William H. STOCKHAM, Appellee.
No. 33350.
Supreme Court of Florida.
October 21, 1964.
Rehearing Denied November 20, 1964.
James M. McEwen of Gibbons, Tucker, McEwen, Smith & Cofer, Tampa, for appellant.
Edwin J. Kennedy, Sarasota, for appellee.
ERVIN, Justice.
In the circuit court, Elizabeth R. Stockham, the plaintiff, sued her husband, William H. Stockham, defendant, for a divorce on the ground of cruelty. He answered and asserted an affirmative defense that she was guilty of adultery. Pursuant to Rule 1.30, Florida Rules of Civil Procedure, 30 F.S.A., he requested admissions of plaintiff concerning his affirmative defense. She declined to answer, claiming privilege under Section 12 of the Declaration of Rights of the Florida Constitution, F.S.A. because she said her answers might tend to incriminate her. The chancellor in the circuit court upheld plaintiff in her refusal to answer. Upon interlocutory appeal to the District Court of Appeal, Second District, it reversed, holding plaintiff should answer the request for admissions within a reasonable time, and failing to do so her suit for divorce would be dismissed. See Stockham v. Stockham, Fla.App. 1963, 159 So.2d 481. Mrs. Stockham, appellant, seeks reversal here of the decision of the District Court of Appeal.
Our jurisdiction of this appeal arises from the provisions of Section 4(2) of Article V of the Florida Constitution, F.S.A., which provides "Appeals from district courts of appeal may be taken to the supreme court, as a matter of right, only from decisions initially * * * construing a controlling provision of the Florida or *321 federal constitution." This appeal comes within the language quoted because the construction placed upon Section 12, DR, by the District Court of Appeal in Stockham v. Stockham, supra, constitutes an initial construction of said Section 12 in this cause. The District Court of Appeal held that Section 12 would not preclude an equity court from refusing relief to a litigant who chooses to hide behind Section 12 in situations where it is obvious it would work palpable inequity. In passing, it is noted appellant also petitioned us for certiorari, but our holding in this appeal is dispositive of the case and renders it unnecessary for us to determine whether our certiorari jurisdiction might have been invoked.
Upon careful consideration of the modern trend of authority, we find that justice in our state will be served by confirming the decision of the District Court of Appeal. Equity considerations appear to require answers to said request for admissions under Rule 1.30, Fla.R.C.P., in default of which a plaintiff in a divorce action should not be permitted to further prosecute his or her action.
We find that the Fifth Amendment to the Federal Constitution does not operate as a shield in all situations. For example, in Levine v. Bornstein, 13 Misc.2d 161, 174 N.Y.S.2d 574, the defendant therein alleged the plaintiff, an attorney, solicited the action to collect a judgment. Plaintiff attempted to take the Fifth Amendment in response to said allegation and referred to decisions where it was properly interposed, but the Court stated:
"* * * However, an examination of the above and other reported cases on the subject reveals that the privilege was always claimed by a non-party witness or by a defendant in court involuntarily, seeking only to defend. It does not follow that the protection of the privilege should be expanded to shield a plaintiff who with one hand seeks affirmative relief in court and with the other refuses to answer otherwise pertinent and proper questions which may have a bearing upon his right to maintain his action. To uphold this inconsistent position would enable the plaintiff to use the privilege as an instrument of attack."
In Franklin v. Franklin, 365 Mo. 442, 283 S.W.2d 483 (1955), the question was whether plaintiff, after refusing to answer certain interrogatories propounded under discovery provisions of the Missouri Civil Code, or to testify concerning the status of a prior marriage on the grounds that her answers might tend to incriminate her, is entitled to maintain an action for divorce or even a motion for temporary alimony. The Supreme Court of Missouri stated:
"* * * One seeking a divorce must prove himself to be the innocent and injured party. * * * The latter requirement is neither more nor less than an application of the equitable doctrine of `clean hands' to a divorce action. That doctrine says that `whenever a party, who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him * * *; the court will refuse * * * to award him any remedy.' * * *"
* * * * * *
"To illustrate the anomalous situation that would arise if plaintiff's contention were to be sustained, let us suppose that the interrogatories propounded to her, both written and oral, had involved some misconduct on her part and peculiarly within her knowledge, such as, although not criminal, would defeat her right to divorce. In such a case, no one would deny that her refusal to answer would defeat her action. * * * Now, may she by being privileged to refuse to answer certain questions as to her misconduct on the ground that her answer might tend to incriminate her *322 obtain an advantage that less offensive conduct would not afford her? Such a doctrine could enable plaintiff to obtain a divorce without being the the innocent and injured party. The answer is obvious. Although plaintiff may refuse to answer self-incriminating interrogatories, yet, when she does, her action must be judged in the same manner and by the same rules as though she had refused to answer any other pertinent written or oral interrogatories.
"The law is that upon oral or written interrogatories being properly propounded to discover relevant and material facts peculiarly and exclusively within the knowledge of the party, his refusal to answer justifies striking his pleadings. * * * This sound and salutary rule applies, insofar as we are advised, without exception to all parties seeking relief in the courts. Especially would its application seem to be called for in divorce actions, where equitable principles govern and the state is an interested party. * * *"
In Independent Productions Corporation v. Loew's, Inc., USDA SD New York 1958, 22 F.R.D. 266, 276, 277, a private, treble damage antitrust action in which pretrial examination of corporate plaintiffs' president was had, this witness claimed immunities under the First Amendment and the Fifth Amendment. The Court stated:
"It would be uneven justice to permit plaintiffs to invoke the powers of this court for the purpose of seeking redress and, at the same time, to permit plaintiffs to fend off questions, the answers to which may constitute a valid defense or materially aid the defense.
"Plain justice dictates the view that, regardless of plaintiffs' intention, plaintiffs must be deemed to have waived their assumed privilege by bringing this action. * * *
* * * * * *
"* * * Plaintiffs in this civil action have initiated the action and forced defendants into court. If plaintiffs had not brought the action, they would not have been called on to testify. Even now, plaintiffs need not testify if they discontinue the action. They have freedom and reasonable choice of action. They cannot use this asserted privilege as both a sword and a shield. Defendants ought not to be denied a possible defense because plaintiffs seek to invoke an alleged privilege.
"The Court therefore rules that these plaintiffs have waived whatever privilege they may have had by the bringing of this action."
The Court continued as follows:
"The logic and policy that have compelled the courts to decide that the Government waived its privilege by instituting an action, apply with equal force to this private litigation, where the plaintiffs seek to thwart the defendants by invoking a privilege to justify a refusal to answer pre-trial questions."
Florida cases [Blais v. Blais, Fla.App. 1959, 112 So.2d 860; State ex rel. Mitchell v. Kelly, Fla. 1954, 71 So.2d 887; Boynton v. State, Fla. 1954, 75 So.2d 211] relied upon by appellant where the rule against self-incrimination was involved appear distinguishable from the facts and issues of this case.
The distinction made in the cases is that the privilege against self-incrimination operates as a protection against one being required to incriminate himself in a criminal or other proceeding which might degrade him, however, in civil litigation where it is manifest the exercise of the privilege would operate to further the action or claim of the party resorting to the privilege against his adversary contrary to equity and good conscience, the party asserting privilege will not be permitted to proceed with his claim or action. In this latter situation *323 it appears that if a party chooses to make admissions after claiming privilege, such admissions may not thereafter be used against him in any other proceedings, civil or criminal.
We re-emphasize the stress the District Court laid upon Section 1.30(b), Fla.R.C.P. which provides: "* * * admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding."
Finding that the privilege asserted should not be interposed under the circumstances involved in this case, we affirm the decision of the Second District Court of Appeal.
Affirmed.
DREW, C.J., and THORNAL, O'CONNELL and CALDWELL, JJ., concur.