219 So.2d 724 (1969)
Leon J. SIMKINS, Appellant,
v.
Luisa Victoria SIMKINS, Appellee.
No. 68-370.
District Court of Appeal of Florida. Third District.
March 4, 1969.
Rehearing Denied March 24, 1969.
Sibley, Giblin, Levenson & Ward, Miami Beach, for appellant.
Pallot, Silver, Pallot, Stern & Proby, George J. Baya, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
CHARLES CARROLL, Chief Judge.
This is an interlocutory appeal from an order relating to discovery in a divorce suit *725 pending in the circuit court of Dade County. The appellant, the husband, is suing for divorce. The wife has counterclaimed for alimony without divorce, charging the husband with having been guilty of adultery. The wife noticed the husband for a discovery deposition. Her inquiry thereon sought to explore two areas in which he claimed privilege. One was as to communications between him and his accountant. His objection there, on the ground of privileged communications, as provided for by § 473.15 Fla. Stat., F.S.A., was sustained, and the trial court recognized the husband's right to refuse to answer in that area without penalty. The other consisted of questions going to the charge of adultery which the wife had leveled against him. As to that, the husband refused to answer upon invoking his constitutional privilege against self-incrimination.[1] However, the court ordered the husband to answer, and this appeal followed.
The penalties authorized by Rule 1.380 (b), RCP 30 F.S.A. for a litigant's refusal to so answer when ordered, make it clear that the effect of the order was to confront the husband with the dilemma of surrendering his right to refuse to answer on the ground of self-incrimination, or insist on such privilege and thereby subject himself to the penalty of loss of the right to prosecute his cause and to defend against the counterclaim.
The appellee argues that as a suitor the husband waived his right to protection against self-incrimination, and that if he should invoke it he could not pursue his cause, relying on Stockham v. Stockham, Fla. 1964, 168 So.2d 320, 4 A.L.R.3d 539.
In the Stockham case a wife sued for divorce on the ground of cruelty. The husband defended by charging the wife with adultery. In response to his request for admissions thereof by her, the wife invoked the privilege against self-incrimination, as granted by § 12 of the Declaration of Rights of Florida, F.S.A. The trial court sustained her. The District Court of Appeal reversed. On appeal therefrom the Supreme Court affirmed the holding of the District Court of Appeal that the wife must answer, and that upon her failure to do so (on claiming protection against self-incrimination) her suit for divorce would be dismissed. It was held in the Stockham case that provisions of § 12 of the Declaration of Rights of Florida and of the Fifth Amendment to the Federal Constitution, for protection against self-incrimination, were not available to a litigant in such suit, and, if insisted upon, would result in dismissal of that party's suit.
That decision fits this case, and would call for our affirmance of the order on appeal here, were it not for the fact that the Supreme Court of the United States, in later decisions, has clearly indicated the contrary. See Spevack v. Klein (1967), 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574, and Garrity v. New Jersey (1967), 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562.
At the time it was rendered in 1964, the decision of the Florida Supreme Court on this question in Stockham v. Stockham, supra, was in accordance with an earlier decision of the United States Supreme *726 Court in Cohen v. Hurley (1961), 366 U.S. 117, 81 S.Ct. 954, 6 L.Ed.2d 156. In that case, in a judicial investigation of "ambulance chasing" in the State of New York, where a lawyer refused to furnish evidence against himself, upon claiming a state granted constitutional protection against self-incrimination, the state court imposed the penalty of disbarment. On certiorari, the United States Supreme Court rejected the petitioner's argument that the Fourteenth Amendment forbade the state from making his refusal to answer the Inquiry's questions, on a good faith claim of privilege against self-incrimination, a ground for disbarment. Later, in Malloy v. Hogan (1964), 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, the United States Supreme Court held that the self-incrimination clause of the Fifth Amendment to the Constitution of the United States was applicable to the states by reason of the Fourteenth Amendment. Still later, in 1967, applying that ruling of Malloy v. Hogan, supra, the Supreme Court of the United States overruled its prior contrary decision on the point in Cohen v. Hurley, supra, and held that the Fifth Amendment, applicable to the states through the Fourteenth Amendment, affords protection without penalty. Spevack v. Klein, supra; Garrity v. New Jersey, supra.
In Spevack the Court said:
"We said in Malloy v. Hogan:
`The Fourteenth Amendment secures against state invasion the same privilege that the Fifth Amendment guarantees against federal infringement  the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty * * * for such silence.' 378 U.S., at 8, 84 S.Ct., at 1493, 12 L.Ed.2d at 659.
"In this context `penalty' is not restricted to fine or imprisonment. It means, as we said in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, the imposition of any sanction which makes assertion of the Fifth Amendment privilege `costly.' * * *" [Italics supplied.]
In the Garrity case the Court said:
"Where the choice is `between the rock and the whirlpool,' duress is inherent in deciding to `waive' one or the other.
`It always is for the interest of a party under duress to choose the lesser of two evils. But the fact that a choice was made according to interest does not exclude duress. It is the characteristic of duress properly so called.' Ibid." [Union Pac. R.R. Co. v. Pub. Service Comm., 248 U.S. 67, 69-70, 39 S.Ct. 24, 63 L.Ed. 131-133.]
"There are rights of constitutional stature whose exercise a State may not condition by the exaction of a price. * * *"
The "penalty" alternative in Spevack was disbarment for a lawyer, and in Garrity it was loss of position for a policeman. While the rights threatened to be lost by the penalties sought to be invoked in those cases may have been greater than the right of a resident of this state to resort to the court to prosecute a cause of action for divorce, nevertheless the latter right is a valuable and substantial one, guaranteed by § 4 of the Declaration of Rights of Florida, and the rule announced in Spevack and Garrity was not made to depend on a degree of severity of the penalty.
On the authority of those decisions of the United States Supreme Court we hold it was error in the instant case for the court to require the defendant husband to answer questions on his discovery deposition designed to wring from him admission of adultery or of facts relevant to prove adultery against him, under penalty of dismissal of his suit if he should insist *727 on his constitutional protection against self-incrimination.
Reversed.
PEARSON, Judge (dissenting).
I would affirm upon the authority and reasoning of Stockham v. Stockham, Fla. 1964, 168 So.2d 320, 4 A.L.R.3rd 539. In my opinion the decisions of the United States Supreme Court cited by the majority do not change the law as enunciated in the Stockham case.
Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967), concerned a lawyer who, on the grounds of the privilege against self-incrimination, refused to produce financial records and refused to testify at a judicial inquiry into his professional conduct. The Court held that the lawyer could not be coerced into choosing between disbarment and self-incrimination and could not be disbarred for refusing to do something which might tend to incriminate him.
In Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967), the issue was "* * * whether a State, contrary to the requirement of the Fourteenth Amendment, can use the threat of discharge to secure incriminatory evidence against an employee." 385 U.S. at 499, 87 S.Ct. at 620. The Court held that
"* * * the protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from office, and that it extends to all, whether they are policemen or other members of our body politic." 385 U.S. at 500, 87 S.Ct. at 620.
It is vital to note that neither Mr. Spevack nor Mr. Garrity came before a tribunal voluntarily seeking relief; both men were summond to appear. In my opinion the Spevack and Garrity holdings apply only to persons whom the law requires to appear before the bar of justice, judicial or quasi-judicial.
I do not think judicial refusal to permit one who initiates the judicial process  a plaintiff  to invoke the privilege against self-incrimination to shield himself from legitimate discovery proceedings is "as powerful an instrument of compulsion as `the use of legal process to force from the lips of the accused individual the evidence necessary to convict him * * *.'" Spevack v. Klein, 385 U.S. at 516, 87 S.Ct. at 628. I think, rather, such judicial refusal is an application of the clean hands doctrine. For the plaintiff-appellant, who wishes to secure judicial relief by alleging marital misconduct of his wife, to seek to forbid judicial inquiry about the allegation of his adultery (proof of which allegation might bar the relief he seeks)[1] is for him to come into a court of conscience with unclean hands. We should not violate the clean hands doctrine and its application to divorce proceedings by extending the holdings of the cited decisions of the Supreme Court of the United States into an area where that Court has not seen fit to interject itself.
NOTES
[1] Under § 798.01 Fla. Stat., F.S.A., living in an open state of adultery is a crime for which the maximum penalty provided is imprisonment in the state prison for two years. While it could be argued that isolated acts of adultery, as charged in a divorce pleading, if proved, would not constitute a crime under the statute, and therefore are not a basis for refusal to answer on the ground of self-incrimination, the court did not proceed on that ground in Stockham v. Stockham, Fla. 1964, 168 So.2d 320, 4 A.L.R.3d 539. In that case and in the present suit the courts appear to have proceeded on the theory that occasion appropriate for invoking the privilege against self-incrimination was present, and were concerned only with the effect which the party's insistence on his privilege against self-incrimination should have on his right to further litigate his cause.
[1] See § 61.041(3), Fla. Stat., F.S.A.