232 So.2d 746 (1970)
Betty J. MINOR, Appellant,
v.
Basil F. MINOR, Appellee.
No. 69-366.
District Court of Appeal of Florida, Second District.
March 13, 1970.
Thomas J. Collins, of Collins, Hallett, Ford & Thurman, St. Petersburg, for appellant.
Michael N. Athanason, of Harris, Wing, Clark & Green, St. Petersburg, for appellee.
McNULTY, Judge.
This is a divorce action in which appellant-wife is plaintiff alleging desertion, and the husband has counterclaimed charging adultery. In a pretrial deposition of the wife, she invoked her Fifth Amendment privilege against self-incrimination in response to questions relating to the alleged adultery. The trial court entered an order compelling appellant to answer such questions or suffer the dismissal of her complaint, from which order she brings this interlocutory appeal.
The precise question before us was answered by our Supreme Court in Stockham v. Stockham,[1] upon which the trial court apparently relied in entering the order appealed from. Subsequent to Stockham, *747 however, the Supreme Court of the United States decided Garrity v. New Jersey[2] and Spevack v. Klein[3]; and thereafter, our sister court in the Third District, citing Garrity and Spevack, handed down Simkins v. Simkins[4] which departed from Stockham. In Simkins a split court concluded that under the circumstances with which we are here concerned a plaintiff's action cannot be dismissed since it amounts to a "penalty" and thus anathema to the protective nature of the Fifth Amendment.[5] Judge Pearson wrote a dissent in Simkins with which we concur; and a careful analysis of both Garrity and Spevack, supra, clearly points up the soundness of that dissent.
Initially we observe that Garrity isn't strictly on the mark. That was a criminal case in which the defendants were policemen charged with conspiracy to obstruct the administration of the traffic laws of New Jersey. The specific question before the court was the admissibility of certain inculpatory admissions made during a prior investigation of police irregularities in which the defendants were told that pursuant to a New Jersey statute they would be removed from office as police officers if they invoked the Fifth Amendment privilege. True it is, the court observed that the Fifth Amendment could not be so employed as to place one who would invoke it in the position of choosing "between the rock and the whirlpool," but the case turned primarily on the involuntary nature of the admissions which were patently elicited at the peril of such a choice; hence such admissions were held to be inadmissible.
In Spevack, supra, on the other hand, the "penalty" exacted for invocation of the privilege was more direct. That case involved a disbarment proceeding in which a member of the New York Bar was disbarred for invoking the privilege in response to questions relating to professional misconduct. Condemning such action, the court expressly concluded that the Fifth Amendment privilege "should not be watered down by imposing the dishonor of disbarment and the deprivation of a livelihood as a price for asserting it."
Now concededly, in those cases, the parties invoking the Fifth Amendment were wrongfully penalized for their "taking the Fifth." They were forced to choose, as it is said, "between Scylla and Charybdis." But there they were involuntarily thrust into such quandary, while here, the invoking party is voluntarily the moving party affirmatively seeking equity. Appellant's choice in this case is not, involuntarily, one between two totally disadvantageous alternatives, as were the choices in Garrity and Spevack, supra, but rather, voluntarily, one between two alternatives one of which can be employed to some advantage. Appellant can gain the affirmative relief she seeks from her choice, and the choice is freely hers; Garrity and Spevack on the other hand couldn't gain in any event, yet they were compelled to choose.
We conclude then, that appellant suffers no "penalty" in the sense spoken of in Spevack, and neither that case nor Garrity, supra, can operate to vitiate the holding of our Supreme Court in Stockham, supra. The rationale of Stockham is clearly and properly bottomed on the venerable maxim that one seeking equity must do equity; thus if appellant would be a suppliant in a court of conscience she need only bare her own conscience. The trial judge was eminently correct and his order must be, and it is,
Affirmed.
HOBSON, C.J., concurs.
MANN, J., dissents with opinion.
*748 MANN, Judge (dissenting).
I do not think that we can make the waiver of constitutional rights the price of access to the courts. This is not to say that the trial court need award alimony to Mrs. Minor, but clearly, since Spevack v. Klein, supra, she has been entitled to present her claims without waiving her Fifth Amendment rights.
NOTES
[1] (Fla. 1964), 168 So.2d 320, 4 A.L.R.3d 539.
[2] (1967), 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562.
[3] (1967), 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574.
[4] (Fla.App.3d 1969), 219 So.2d 724.
[5] Cf., Malloy v. Hogan (1964), 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653.