124 N.J. Super. 23 (1973)
304 A.2d 577
JOSEPH L. MAHNE, PLAINTIFF,
v.
GRANGE R. MAHNE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 14, 1973.
Mr. Edward S. Snyder, attorney for plaintiff.
Mr. Gerald W. Kolba, attorney for defendant.
Mr. Gary N. Skoloff for the intervenor (Messrs. Skoloff & Wolfe, attorneys).
CONSODINE, J.S.C.
Plaintiff seeks divorce on adultery. Defendant denied, and counterclaims under oath in extreme cruelty. The correspondent denied the adultery both by his verified petition to intervene and by his answer.
Defendant and corespondent both refuse to answer interrogatories, claiming the privilege of the Fifth Amendment *24 to the United States Constitution. Plaintiff moves to dismiss their pleadings for failure to answer on discovery. Adultery is a misdemeanor in this State. N.J.S.A. 2A:88-1.
The motion raises a constitutional question on which there is little in New Jersey case law but some in a few other jurisdictions.
Marsh v. Marsh, 16 N.J. Eq. 391, 397 (Ch. 1863), and Black v. Black, 26 N.J. Eq. 431, 434 (Ch. 1875), sustained demurrers to discovery as to the commission of adultery. In Marsh, the court stated:
* * * The rule is, that a defendant is not bound to accuse himself of a crime, or to furnish any evidence whatever which shall lead to any accusation of that nature.
Florida dealt with the issue involved both before and after Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967) (penalty of disbarment could not be imposed), and Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967) (penalty of loss of position as policeman could not be imposed).
Stockham v. Stockham, 168 So.2d 320 (Fla. Sup. Ct. 1964), held that unless plaintiff who had sued in adultery answered in discovery, the complaint would be dismissed.
Spevack and Garrity, supra, intervened before Simkins v. Simkins, 219 So.2d 724 (Fla. D. Ct. App. 1969), and Minor v. Minor, 232 So.2d 746 (Fla. D. Ct. App. 1970), aff'd 240 So. 2d 301 (Fla. Sup. Ct. 1970). In Simkins an intermediate appellate court felt constrained to take an opposite position to that of Spevack. A dissent argued that neither United States Supreme Court case changed the law of Stockham, supra, because neither Spevack nor Garrity came into court voluntarily.
In Minor the trial court ordered plaintiff to answer discovery or be dismissed where defendant charged adultery. The appellate court affirmed, adopting the dissent in the *25 Simkins case. This was affirmed by the Florida Supreme Court, which cited Stockham v. Stockham, supra. See also Simonet v. Simonet, 241 So.2d 720 (Fla. D. Ct. App. (1970)).
There are other jurisdictions in accord. Annest v. Annest, 49 Wash.2d 62, 298 P.2d 483 (Sup. Ct. 1956); Franklin v. Franklin, 365 Mo. 442, 283 S.W.2d 483 (Sup. Ct. 1955), were before 1967. Subsequent to that year Minnesota agreed with Florida.
In Christenson v. Christenson, 281 Minn. 507, 162 N.W.2d 194 (Minn. Sup. Ct. 1968), the court held that while the wife could not be compelled to waive her constitutional privilege, she was required either to waive it or have her divorce action dismissed. The court stated:
Research indicates that with the exception of Bishop v. Bishop, 157 Ga. 408, 121 S.E. 305, all of the cases which have dealt with the legal questions presented herein have recognized that a motion to dismiss a complaint * * * should be sustained where the plaintiff has refused to answer questions pertinent to the issues involved on the ground of self-incrimination. These decisions appear to have been based upon the rationale that although the privilege against self-incrimination is available to either party to a civil action the party who seeks affirmative judicial relief from the court and at the same time invokes this privilege should not be permitted to prevail and, in effect, "eat his cake and have it too" * * * [at 202]
See comment 55 Minn. L.R. 348, and generally, 28 Fordham L.R. 537.
It seems clear that in matrimonial cases the weight of authority favors dismissal of pleadings of a party who invokes the privilege against self-incrimination in discovery. The correspondent here is equally a party with plaintiff and defendant.
Query: Have not defendant by denial of adultery in her answer and the corespondent by verified denial of adultery in his petition to intervene, waived the privilege against self-incrimination.
Motion striking pleadings of defendant and corespondent granted. Submit order.