Robert Alan JUSTICE, Plaintiff,

v.

David LAUDERMILCH, Defendant.

Civ. A. No. 75–265.

United States District Court,
M. D. Pennsylvania.

March 1, 1978.

Pepper, Hamilton & Scheetz, by Thomas B. Schmidt, III, Harrisburg, Pa., Robert Leirer Justice, Logansport, Ind., Clyde W. McIntyre, McNees, Wallace & Nurick, Harrisburg, Pa., for plaintiff.

Norman J. Watkins, David Max Baer, Deputy Attys. Gen., Delano M. Lantz, Harrisburg, Pa., for defendant.

## MEMORANDUM

HERMAN, District Judge.

Plaintiff Robert Alan Justice claims Defendant deprived him of his federal constitutional rights during a robbery occurring February 27, 1973. Plaintiff commenced this civil rights action on February 27, 1975. Defendant State Trooper David Laudermilch answered the Complaint on May 5, 1976.[1]

On October 26, 1976, Defendant Laudermilch filed a motion for summary judgment which was denied on August 9, 1977.

---

1. Plaintiff also sued the Commonwealth of Pennsylvania, Thomas Stotsenburg, and certain unnamed agents of the Commonwealth of Pennsylvania. This Court dismissed the Complaint against the Commonwealth in a memo-randum and order dated February 19, 1976 for lack of jurisdiction. The Court granted Defendants' motion for summary judgment on behalf of the unnamed Defendants and Defend-

Defendant deposed Plaintiff on July 15, 1975. During the deposition, Plaintiff invoked his Fifth Amendment privilege against self-incrimination as grounds for refusing to respond to the following thirteen (13) of Defendant's questions:

1. Was this the first time that anyone ever approached you for drugs? (Justice Deposition, page 7, line 14)
2. Would this have been the first time that you sold drugs? (page 9, line 20)
3. Is that the only time you ever purchased drugs? (page 10, line 23)
4. Where did you get it [the marijuana taken from Plaintiff during the robbery allegedly involving Defendant]? (page 10, line 23)
5. Where did you get it? [the hashish taken from Plaintiff during the robbery allegedly involving Defendant]? (page 21, line 15)
6. Do you normally smoke hashish when you are studying? (page 30, line 12)
7. In other words, did you [and your roommate] usually buy drugs jointly or acquire them jointly? (page 34, line 19)
8. Did any drugs change hands on that day? [the day Plaintiff and Charles Rickey Warren discussed the robbery] (page 54, line 24)
9. Did you consume any drugs on that day? [the same day referred to in the above question] (page 55, line 2)
10. You have answered that. Did you normally keep these amounts of drugs in your apartment? (page 63, line 12)
11. Would it have been unusual for you to give any [money obtained through illegal drug sales] to your roommate? (page 63, line 22)
12. Would it surprise you if I told you that you stated that this was the first time since last spring that you

did not have any drugs? (page 71, line 4)
13. Did you inform them [defendants] that whoever took your apartment in the fall would be able to fill the role that you had been filling? (page 77, line 8)

Plaintiff refused to answer any of these questions claiming the privilege against self-incrimination under the Fifth Amendment to the Constitution of the United States of America.

The Defendant then properly moved to compel answers to these questions and that is what brings the matter before the Court at this time.

The motion to compel will be denied.

Plaintiff filed a motion titled "Plaintiff's First Request For An Order Limiting Discovery" which we construe as a motion for a protective order under Federal Rules of Civil Procedure 26(c) and in which Plaintiff asks that we bar Defendant "from any further inquiring into Plaintiff's purchase of any illicit drugs, sale of illicit drugs to any individuals other than David Laudermilch or Charles Warner and on any date other than February 27, 1973."

This motion also will be denied.

We will consider first the Defendant's motion to compel answers in the discovery proceedings.

Defendant's motion to compel discovery is based on Rule 37 of the Federal Rules of Civil Procedure which provides in pertinent part that the court in which the action is pending, when a party fails to answer a question propounded under Rule 30 and the discovering party moves for an order compelling an answer, may grant or deny the said motion. The Plaintiff avers in part that the matters sought to be discovered are protected by his Fifth Amendment Privilege against self-incrimination and therefore under Rule 26 of the said rules he need not answer.[2]

ant Stotsenburg in a memorandum and order dated August 9, 1977.

2. Rule 26 provides in part that "Parties may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action . . . .."

While some of the cases which dealt with the problem which arose when a plaintiff in a civil action attempted to exercise this constitutional privilege held that he could not at the same time assert the privilege and maintain his civil action, and would dismiss the action if he failed to answer the questions. See 52 Virginia Law Review at 333; *Independent Productions Corp. v. Loew's Incorporated*, 22 F.R.D. 266, S.D.N. Y.1958; *Lyons v. Johnson*, 415 F.2d 540, 9th Cir. 1969; *Penn Communications Specialties Inc. v. Hess*, 65 F.R.D. 510, 1975; this does not appear to us to be the law.

*Spevack v. Klein*, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574, 1967, the Court in a disbarment proceeding held that the attorney's reliance on his right not to be a witness against himself could not be used against him stating "that the Fifth Amendment guarantees  .  .  .  the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will and  .  .  .  [he shall] suffer no penalty  .  .  .  for such silence". Then referring to *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, the Court went on to say that "penalty" means "the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly'". See also: *Mitchell v. Roma*, C.A. 3rd 1959, 265 F.2d 633 where a different privilege was involved but held that by the institution of a civil suit the plaintiff does not automatically waive any privilege he enjoys.

Since we conclude that the matters into which Defendant seeks to probe are privileged we will not order Plaintiff to answer these questions, and it follows that we will not then dismiss Plaintiff's action for his failure to answer.

The authors in Wright Miller Federal Practice & Procedure correctly, we believe, point out "To dismiss a party's action  .  .  merely because he has claimed his constitutional privilege certainly makes the resort to the privilege 'costly' ".

Nothing we have said here, however will prevent Defendant from cross examination of the Plaintiff at trial if the Plaintiff should then take the witness stand to testify.  If the Plaintiff at that time refuses to answer relevant questions on the ground of his immunity an adverse inference against him may be considered by the fact finder. See *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810, 1976.

The protective order Plaintiff seeks will not be granted since the time for further discovery in this matter has long since expired.  See Middle District of Pa. local rule 301.07 which provides that discovery shall be completed within 6 months of the date on which the last pleading was filed. In this case that was 6 months after May 6, 1975, the date Defendant's answer was filed, or November 6, 1975.

An appropriate order will follow.