PER CURIAM.
The trial court’s striking of the ex-wife’s first motion for modification of a final judgment to increase alimony and child support for failure to answer questions in discovery proceedings was no jurisdictional bar to a subsequent modification extending rehabilitative alimony entered on a new motion alleging further changes in circumstances where the wife appeared and disclosed all information originally sought. Appellant, citing Minor v. Minor, 240 So.2d 301 (Fla.1970) and Stockham v. Stockham, 168 So.2d 320 (Fla.1964), relies on the rule that a person initiating a judicial proceeding will not be allowed to carry on the litigation while at the same time invoking the Fifth Amendment privilege in order to shield herself from legitimate discovery procedures. However, as wife had already made disclosures, the rule did not apply.
When, as here, the parties have entered into an agreement for alimony and support in connection with a dissolution of marriage, the court retains jurisdiction to enter orders increasing, decreasing or confirming the amount of alimony or support as equity requires. § 61.14, Fla.Stat. (1979); see Pujals v. Pujals, 414 So.2d 228 (Fla.3d DCA 1982) (the trial court has inherent jurisdiction to consider a petition for modification or extension of rehabilitative alimony as long as it is filed within the period of rehabilitation provided by the final judgment).
Affirmed.