[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO COMPEL
The defendant, Quinnipiac College, has moved pursuant to Connecticut Practice Book § 231 to compel the plaintiff, Brian Bendowski, to respond to all of the defendant's questions regarding his use of marijuana. By way of background, the plaintiff alleges that on about November 16, 1993, while in his dormitory room at Quinnipiac College, a guest of the co-defendant, Kristen Bakis, entered his room and attacked one of his roommates with a metal pipe. While assisting the roommate, the plaintiff was allegedly struck in the head with the pipe and sustained serious injuries, pain, mental anguish and mental and emotional stress, including post traumatic stress syndrome. He claims that these injuries, which may be permanent, will require future psychiatric and psychological treatment. He further claims that his educational and career opportunities were disrupted. The plaintiff's expert, Leonard W. Krinsky, Ph.D., reports that the plaintiff's attention span and deep concentration powers were such that he had done poorly at the Nassau Community College, where he had enrolled after having recovered somewhat from his physical injuries.
In response to Quinnipiac's Interrogatories and Request for Production, the plaintiff has produced numerous medical records, including records from Winthrop University Hospital, where the plaintiff was treated for corrective plastic surgery several weeks after this incident occurred. According to the hospital record, prior to his surgery he informed the hospital staff that he drank alcohol socially and used marijuana one time per month before the incident.
At the plaintiff's deposition on May 10, 1996, counsel for Quinnipiac College sought to probe the plaintiff's marijuana use and to establish when the plaintiff last smoked marijuana prior to the incident in question. The plaintiff's attorney would only permit his client to testify that he had not used marijuana on CT Page 7716 the date this incident occurred and refused to allow him to indicate when he had last smoked marijuana.
The defendant now seeks to have the court compel the plaintiff to answer these questions, claiming that they bear on the plaintiff's ability to recall the events of the day in question and on the extent to which his marijuana use is related to his current mental status. The defendant cites a publication of the U.S. Department of Education in support of its contention that some of the side affects of marijuana use are consistent with the plaintiff's claimed symptoms, including marijuana's ability to "impair or reduce short-term memory and comprehension, alter sense of time, and reduce ability to perform tasks requiring concentration and coordination, such as driving a car. Motivation and cognition may be altered, making the acquisition of new information difficult. Marijuana can also produce paranoia and psychosis." Although the document, "Growing Up Drug-Free: A Parent's Guide to Prevention", is hardly a scientific treatise, the court assumes that the quoted propositions are accurate in the absence of any claim by the plaintiff to the contrary.
The plaintiff's principal objection to answering these questions is grounded in his assertion of his privilege against self-incrimination. It is apparent, however, that to the extent that these questions focus on incidents of individual marijuana use, they can at most raise the specter of admission of individual misdemeanor offenses.[1] Because there is a one-year statute of limitations on the prosecution of misdemeanors (General Statutes § 54-193), it is plain that admitting to incidents of marijuana use on or before November 16, 1993, the date on which he was allegedly attacked, could not possibly incriminate him. To invoke the privilege against self-incrimination, the probability of incrimination must be "substantial", Leary v. United States, 395 U.S. 6 (1969) or at least constitute a "real and appreciable" hazard in the ordinary course of law, Brown v. Walker, 161 U.S. 591 (1896). A trifling, imaginary, insubstantial or remote possibility, by which no reasonable person would be affected, is not a sufficient basis for invocation of the privilege. United States v. Freed, 401 U.S. 601,606. (1971). Because it is "`perfectly clear, from a careful consideration of all the circumstances in the case . . . that the answer cannot possibly have such a tendency' to incriminate", seeMalloy v. Hogan, 378 1, 11-12 (1964), the privilege may be invoked here. CT Page 7717
Pavlinko v. Yale-New Haven Hospital, 192 Conn. 138 (1984), although it involved an effort by the plaintiff to avoid answering questions about medical records with which, it was suggested, he had tampered in some way, and is therefore not exactly on point, is nonetheless instructive. There, the plaintiff attempted to offer hospital records, the originals of which were in his possession. At his deposition he was questioned relative to the integrity and reliability of the records which he had admittedly taken from the hospital. The Supreme Court held that:
 The critical question, however, is whether such assertion can be advanced at the expense of an opposing party in a civil action. Having been haled into Court by the plaintiff, the defendants had a right to resort to discovery in order to prepare their defense. . . . However sincere the plaintiff may have been in claiming the privilege, the effect of such assertion was to severely limit the scope of the inquiry and thus to make the defendants the innocent victims of the plaintiff's self-created predicament. In these circumstances, it is not unfair to compel the plaintiff to choose between silence and the pursuit of his malpractice claim.
Id. at 146.
The Court went on to state that:
 The privilege against self-incrimination is a constitutional shield against a person being compelled to convict himself out of his own mouth. It may not be used as a sword to deny others information which is rightfully theirs. A plaintiff cannot use one hand to seek affirmative relief in Court and with the other lower an iron curtain of silence against otherwise pertinent and proper questions which may have a bearing on his right to maintain his action. Stockham v. Stockham, 168 So.2d 320, 321 (Fla. 1964). A plaintiff who exercises his privilege against self-incrimination to refuse to answer questions pertinent to the issues involved in a civil action risks having his complaint dismissed upon timely motion. Bramble v. Kleindienst, 357 F. Sup. 1028, 1036
(D.Colo. 1973); Kisting v. Westchester Fire Ins. Co.,290 F. Sup. 141, 149 (W.D.Wis. 1968); See Brown v. United States, 356 U.S. 148, 160, 78 S.Ct. 622, 2 L.Ed.2d 589, Reh Denied, 356 U.S. 948, 78 S.Ct. 776, 2 L.Ed.2d 822 (1958) CT Page 7718 (Black, J. Dissenting); Annot., 4 A.L.R. 3rd 545.
Id. at 146-147.
In a chambers conference, the defendants indicated that they did not seek to ask the plaintiff about marijuana use subsequent to the date of the incident. In light of this concession and the fact that the statute of limitations insulates the plaintiff from criminal liability based on answering questions about individual acts of marijuana use prior to that time, the court concludes that the plaintiff could not possibly incriminate himself by his answers to the questions which the defendant seeks to put to him. With the time limitation noted above, the defendant's motion to compel is therefore granted.
Jonathan E. Silbert, Judge